Nov. Term,
1853.

The State
v.
Clark.

The State on the relation of the Board of Commissioners of Daviess County *v.* Clark and Others.

There is a distinction in deposits of this kind: Where the very silver or gold deposited is to be restored, the transaction is a special or pure deposit; but where the party is to restore, not the identical coin, but only an equivalent, on demand, it is called a loan or *mutuum* or irregular deposit.

*Semble,* that the surplus revenue fund held by the state, is a deposit of the latter class.

It is doubtful whether in a suit upon a surplus revenue bond, any relator is necessary; though a responsible relator might be proper.

In legal contemplation the Board of Commissioners of a county is the county.

In a suit upon a surplus revenue bond the board of county commissioners is a proper relator.

ERROR to the *Daviess* Circuit Court.

Monday,
November 28.

Stuart, J.—*The State,* on the relation of the *Board of Commissioners of Daviess county,* sued *Clark* and others, on their writing obligatory as borrowers of the surplus revenue fund. The history of that fund,—its distribution, in 1836, among the states, and by this state to the counties to be loaned out on interest, need not be detailed.

General demurrer to the declaration sustained.

The only question discussed by counsel is whether the board of commissioners be the proper relator; or whether the suit should have been brought on the relation of the county treasurer.

The case of *The State* v. *Votaw* and others, 8 Blackf. 2, is referred to in argument. That was a suit on the relation of the treasurer of one county against the treasurer of another county about the surplus revenue fund. The county of *Blackford* had been carved out of the county of *Jay,* and was claiming her share of the surplus revenue from the latter county. This Court, on objection to the relator, decided that the suit was correctly brought on the relation of the treasurer of *Blacfkord* county. The reason given is, that, under the law, the treasurer has a

possessory right to this fund, and a beneficial interest in it to the extent of his commissions.

The language of the Court, that "the state holds the fund as a depository," is objected to as incorrect. It is contended that the bailment, if any, is not a deposit but a debt. There is, however, a distinction in deposits. Where the very silver or gold deposited is to be restored, the transaction is a special or pure deposit. But where the party is to restore, not the identical coin, but only an equivalent, on demand, the books call it a loan or *mutuum* or irregular deposit. Story Bailm. ss. 47, 88.—*Coffin* v. *Anderson*, 4 Blackf. 395. To this latter class the distribution of the surplus revenue seems to belong. Thus, whether regarded as a special or irregular deposit, the language of the Court in the case alluded to is equally applicable. For the purposes of that decision, further distinction was not necessary.

But in *The State* v. *Votaw, supra,* the Court intimate that the board of commissioners is not the proper relator. This position counsel in the case at bar also controvert.

It may well be doubted whether in these surplus revenue bonds any relator is necessary. The contract is directly with the state. The practice has been, in some circuits, to bring the suit in the name of the state simply, thus leaving it to the sheriff to determine who was entitled to receive the money at his hands when collected. One of the objects of a relator would be to direct the officer to whom he was to pay; and the costs might also be matter of consideration. A responsible relator might, therefore, be proper.

In the case at bar, the board of commissioners is the relator. It is a body corporate, capable of suing and being sued. R. S. 1843, p. 181. In legal contemplation, the board of commissioners is the county. It has the care of the property of the county, as well as its supervision and management. *Id.* 183, s. 14. The county is liable for the surplus revenue fund, and the county board is specially charged with the supervision of it.

Nov. Term,
1853.

THE STATE
v.
CLARK.

The county, known in law only by her board of commissioners, is, therefore, interested in the fund. Admitting, then, the correctness of the decision in *The State* v. *Votaw*, to the extent that the question was fairly before the Court, and for the reason given, namely, that the treasurer of the county was properly relator, because interested to the extent of his fees, it would seem to follow that the board of commissioners is also properly relator, because interested to the extent of the entire fund. This view of the case is impliedly supported by *Sybert* v. *Ellis*, 3 Blackf. 229, and *Jones* v. *The State*, 5 *id.* 141.

It may be said that the relator is the party designated by the record to whom the money is to be paid, and that the board of commissioners, as such, have no right to receive it. But the same objection applies with equal force when the board of commissioners is directly plaintiff. The board recovers, but yet it cannot directly receive. Yet, in both cases, the board of commissioners do, in fact, receive the proceeds in the mode pointed out by law, namely, by the treasurer, who is the proper financial officer of the county. There would seem, therefore, to be very little force in an objection which if good against the board as relator, would be equally good against it as plaintiff in any suit. It seems conclusive that, in both cases, the money finds its way into the county treasury through the same channel. We can, therefore, see no good reason why the board of commissioners should not be the relator in the present case.

It is not deemed necessary to inquire whether the fact that the suit was on the official bond of an officer, as in *The State* v. *Votaw*, or on a money bond like the case at bar, would furnish any just ground for distinction. (1)

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*S. Judah*, for the state.

(1) ROACHE, J. was absent.