DICE ET AL. *v.* COUNTY BOARD OF FINANCE
OF FOUNTAIN COUNTY.

[No. 14,765.   Filed November 20, 1934.]

*Courtney W. Dice,* for appellants.

*Claude B. Philpott,* for appellees.

*L. R. Little* and *V. E. Livengood, amici curiae.*

DUDINE, J.—This was a suit against the sureties on a "Public Depository Bond," to recover the balance of a deposit account of Fountain county with Farmers State Bank of Veedersburg, Indiana, which bank had been closed by order of the Department of Banking, and was in process of liquidation.

The plaintiff named in the complaint was "County Board of Finance of Fountain county, State of Indiana." The complaint was in the usual form.  Appellants, who were defendants in the suit, filed a "joint and several" demurrer to the complaint, which demurrer was overruled, and appellants declining to plead further, judgment was rendered on the complaint in favor of appellee and against each of the appellants in the sum of $5047.00, whereupon appellants perfected this appeal, assigning the overruling of the demurrer as the sole error relied upon for reversal.

One of the grounds of the demurrer was "that the plaintiff has not legal capacity to sue." Appellants present the same contention in this appeal.

Appellants contend that "the board of commissioners is the corporate entity representing the county . . . and is, in legal contemplation, the county," and that "boards of finance are purely creatures of statute, and of necessity can only sue, when expressly authorized so to do." *Owen County Council* v. *State ex rel.* (1911), 175 Ind. 610, 95 N. E. 253; Sec. 5918 Burns 1926, §26-606, Burns 1933, §5220, Baldwin's 1934. In a general way we approve said contention. That statement of law is acceptable for the purpose of this case, because we hold that the Depository Law of 1907, which governs this cause, did expressly authorize boards of finance to sue on depository bonds.

Sec. 6 of said Act of 1907 (Ch. 222, p. 393), Sec. 12616, Burns 1926, §61-606, Burns 1933, §13810, Baldwin's 1934, provides that: ". . . Such board (of finance) may sue and be sued in its name, in any action, and in any court having jurisdiction whenever necessary to accomplish the purposes of this act. . . ."

Sec. 16 of said Act of 1907, supra, (Sec. 12626, Burns 1926, §61-613, Burns 1933, §13817, Baldwin's 1934), provides that:

> "The boards of finance shall meet at the time and place fixed in said notice, and shall open such proposals and consider the same, and any bank, banks or trust companies within the state tendering security as provided for in this act, and agreeing to pay the interest provided herein, shall be constituted depositories for public funds: Provided, That the commission of any depository may be revoked at any time, and an immediate accounting and settlement required by the board of finance under which it operates, for any cause deemed sufficient by such board of finance. . . ."

In view of said Sec. 16, *supra,* it can not be said, as appellants contend, "the purpose of the Act (Public Depository Act) is *solely* the direction of the deposit and safe keeping of the public funds, and enforcing officials of the municipalities to collect interest thereon, and inci-

italics.) Sec. 16, *supra,* expressly shows that one of the purposes of the act is to authorize the boards of finance to do something else, that is to require an immediate accounting and settlement "at any time . . . for any cause deemed sufficient by such board of finance."

The "settlement" referred to is a settlement of the indebtedness of the depository to the municipality.

The complaint alleged that appellee revoked the commission of the depository after it went into liquidation; that appellee ordered the treasurer of Fountain county to make a demand upon the liquidating agent of the bank for a settlement of the account; that said treasurer made such demand but said agent refused to make such settlement; that thereafter appellee ordered said treasurer to make such demand upon the president of the depository and each of appellants, as sureties on said bond; that said treasurer made such demand but said president and each of said appellants refused to make such settlement.

Having made said demands in vain it became necessary to sue in order to accomplish one of the purposes of the act, which purpose was the obtaining by the board of finance of an immediate accounting and settlement of the deposit account.

No reversible error having been shown, the judgment should be affirmed.

We feel constrained however to note that Sec. 2, Ch. 78, Acts 1933, releases judgment debtors from liability on account of judgments rendered against them as freehold sureties without compensation, on depository bonds which were accepted after January 1, 1927, to the extent that deposits secured by said bonds, which bonds were the basis of the action wherein said judgments were obtained, represent funds raised by general taxation in the municipal corporation or political subdivision making such deposits. The bond in the instant case was ac-

cidentally creating machinery for that purpose." (Our cepted after January 1, 1927, but the record does not show whether or not the sureties were compensated, nor does it show what portion of the balance of the deposit sued for, if any, represented funds raised by taxation in Fountain county.

Judgment affirmed.