STATE OF INDIANA ON THE RELATION OF EASTERN PULASKI COMMUNITY SCHOOL CORPORATION AND EASTERN PULASKI ELEMENTARY SCHOOL BUILDING CORPORATION *v.* THE PULASKI CIRCUIT COURT AND HAROLD R. STAFFELDT, JUDGE OF THE PULASKI CIRCUIT COURT.

[No. 1275S352. Filed December 15, 1975.]

*F. E. Rakestraw, Brown, Brown & Rakestraw,* of Rochester, for relators.

HUNTER, J.—This is an original action arising from a public lawsuit brought by certain Pulaski County taxpayers seeking injunctive relief against the sale of bonds to finance new school construction by the Eastern Pulaski Community School Cor-

poration. On December 1, 1975, we issued an alternative writ of mandate directing respondent court and the judge thereof to refrain from further proceedings in the suit, to sustain defendants-relators' motion to dismiss for lack of jurisdiction, and to show cause why the writ should not be made permanent. On December 8, oral argument on behalf of relators was heard. Respondent did not participate, but has filed a response to the alternative writ and a brief in support of his response. Upon review thereof, we now make the writ permanent.

The act governing public lawsuits provided in part:

". . . no trial court shall have jurisdiction of any public lawsuit which is brought, more than ten [10] days after the first publication required by law for the sale of bonds of a municipal corporation, or in the case of a lease, under Acts 1947, c. 273 [21-5-11-1—21-5-11-16 (Burns' §§ 28-3901—28-3916)], more than ten [10] days after the first publication of notice by any school building corporation for the sale of its bonds, but in no case later than the time limited for bringing suit under applicable law. * * * This subsection shall not be construed to extend any existing statute of limitations on the bringing of any lawsuit."

Relators published notice on November 5, 1975, of the sale of construction bonds to be conducted on November 25. On November 24 the above described public lawsuit was commenced. Plaintiffs therein sought to escape the absolute prohibition against the institution of public lawsuits more than ten days after the first publication of notice for the sale of bonds by reference to that portion of Ind. Code § 34-4-17-8, *supra,* which provides that such suits may be commenced "no later than the time limited for bringing suit under applicable law." The law urged to be applicable is Ind. Code § 21-5-11-7 which provides when an appeal has been taken to the State Board of Tax Commissioners:

"No action to contest the validity of the lease or to enjoin the performance of any of the terms and conditions of the lease shall be instituted at any time later than . . . thirty [30] days after the decision of said board."

Plaintiffs were among the petitioners challenging the validity

of a lease between the Eastern Pulaski Community School Corporation and Eastern Pulaski Elementary School Building Corporation before the State Board of Tax Commissioners [Board]. The Board resolved the challenge to the lease adversely to the petitioners, including plaintiffs, on October 28, 1975. Plaintiffs commenced their public lawsuit on November 24, three days prior to the expiration of the period set forth in Ind. Code § 21-5-11-7, but nine days after the limitation period prescribed by Ind. Code § 34-4-17-8.

The thirty-day provision is part of an act adopted by the legislature in 1947 providing for "the acquisition of sites, construction, equipment and financing of buildings for school purposes by private corporations and the leasing and acquisition thereof by school corporations." The 1947 act contains no other provisions relating to the filing of public suits challenging leases.

The ten-day provision is part of an act defining and providing the procedure for the filing of public lawsuits adopted by the legislature in 1967. The act is comprehensive, setting forth in detail what constitutes a public lawsuit, who may bring the action, and in what capacity, and when such suit shall be commenced.

It is a familiar rule of statutory construction that two statutes dealing with a common subject matter will be read *in pari materia*. *See* 2 Sutherland, STATUTORY CONSTRUCTION § 5201 (3d ed. 1943). The parties agree that the statutes set forth above are *in pari materia*. It is also a familiar rule that as between a general law and a special law, the special law shall prevail, particularly when the special act is of most recent vintage. *Daly* v. *Carr*, (1934) 206 Ind. 554, 190 N.E. 429.

Applying these principles to the statutes above, we hold that the ten-day provision of the special 1967 act governing public lawsuits controls over the more general act of 1947 relating to school leases. Under the clear terms of Ind. Code

§ 34-4-17-8, *supra,* respondents were without jurisdiction to act in a lawsuit barred by the statute.

In reaching our holding we are not insensitive to respondent's observation that the ten-day limitation may be "far too restrictive in consideration of the major import of this type of litigation." Nevertheless, we have recently noted the downside risks of the public lawsuit, see *State ex rel. Sekerez* v. *Lake Superior Ct.,* (1975) 263 Ind. 601, 335 N.E.2d 199, and we cannot say that the legislature acted arbitrarily in selecting so short a period for the commencement of suits challenging public works. In fact, we believe the General Assembly in arriving at the ten-day figure was cognizant of the extreme financial burden which may accrue to local taxing districts because of delays in construction necessitated by the pendency of a public lawsuit.

For all of the foregoing reasons, the alternative writ of mandate heretofore granted is now made permanent.

Givan, C.J., Arterburn, DeBruler, and Prentice, JJ., concur.

NOTE.—Reported at 338 N.E.2d 634.