JUANITA F. GONSER *v.* BOARD OF COMMISSIONERS FOR OWEN COUNTY, INDIANA; ROBERT G. MCCULLOUGH AND ROGER C. STANLEY

[No. 1-977A211. Filed July 10, 1978. Rehearing denied September 1, 1978. Transfer denied December 1, 1978.]

*George W. Languell,* of Spencer, for appellant.

*Lloyd H. Milliken, Jr., Locke, Reynolds, Boyd & Weisell,* of Indianapolis, for appellee.

LYBROOK, P.J.—Plaintiff-appellant Juanita Gonser filed her complaint for negligence against defendants-appellees Board of Commissioners for Owen County (Board), Robert G. McCullough and Roger C. Stanley, on September 13, 1976. Motions for summary judgment were then filed by the defendants alleging that Gonser failed to file a notice within one hundred and eighty days as required under IC 1971, 34-4-16.5-7. These motions were granted and judgment entered thereon, and Gonser now appeals from the denial of her motion to correct errors.

Gonser raises two issues for review:

(1) Are the notice provisions of the Indiana Tort Claims Act, IC 1971, 34-4-16.5-1 *et seq.*, applicable in this case?

(2) Does the notice provision of the Indiana Tort Claims Act, IC 1971, 34-4-16.5-7, constitute a denial of equal protection?

We affirm.

The complaint filed by Gonser in this case alleges that as a result of the Board's negligence in failing to keep a certain county road in repair, Gonser was involved in an automobile accident which caused her serious physical injuries. After a change of venue to the Clay Circuit Court, the Board filed its answer and motion for summary judgment alleging that Gonser failed to file notice of her claim within one hundred eighty days of the accident as required by statute. Gonser did not dispute the allegation that she failed to file her notice within the one hundred eighty day period (her notice was filed almost two years after the accident), but rather argued that the notice provision of the Tort Claims Act was not applicable. The trial court found otherwise, and granted the Board's motion for summary judgment. Gonser now appeals from that judgment.

The provisions of the Indiana Tort Claims Act, IC 1971, 34-4-16.5-1 *et seq.*, became effective February 19, 1974, and were therefore in effect at the time of the accident in September, 1974. It is provided in IC 1971, 34-4-16.5-7 that notice of the claim against a "political subdivision" of the State must be filed within one hundred and eighty days:

"Except as provided in section 8[34-4-16.5-8] of this chapter, a claim against a political subdivision is barred unless notice is filed with the governing body of that political subdivision within one hundred and eighty [180] days after the loss occurs."

In IC 1971, 34-4-16.5-2, a political subdivision is defined as including a county, township, city, town, municipal corporation, etc. This definition was amended in 1975 by adding the phrase "board or commission of one [1] of the entities listed. . . . [in] this subdivision" to the list of entities in subsection [5].

Gonser contends that the provision requiring one hundred eighty days' notice of a tort claim is not applicable in this case. She argues that her action is against a board of commissioners, not a county, and therefore

is not covered by the Tort Claims Act as it stood in 1974, but rather by the provisions of IC 1971, 17-2-1-1 *et seq.* on claims against counties.

We cannot accept Gonser's theory that there is any valid distinction between the filing of a suit against a county and the filing of a suit against a board of county commissioners for purposes of the Tort Claims Act. Such a board is the corporate entity which represents the county and possesses the power to sue and be sued. IC 1971, 17-1-14-5; *Dice v. Board of Finance* (1934), 99 Ind. App. 405, 192 N.E. 770. Just as a private corporation acts through its officers and agents, a county acts through its board of commissioners:

> "In the case at bar, the board of commissioners is the relator. It is a body corporate, capable of suing and being sued. [Citation omitted]. In legal contemplation, the board of commissioners is the county . . . The county, known in law only by her board of commissioners, is therefore interested in the funds." *Board of Commissioners of Daviess County v. Clark* (1853), 4 Ind. 315, at 316, 317.

The suit filed by Gonser was an action against the county by and through its board of commissioners, and as such is covered by the Tort Claims Act. Had a judgment for damages been rendered in this action, it seems certain that it would have been satisfied from the assets of the county. Further, the fact that Gonser proceeded to file a claim against the county for her damages pursuant to IC 1971, 17-2-1-1 *et seq.* shows that Gonser was well aware that her claim for damages was properly against the county through its board of commissioners. The 1975 amendment to the Tort Claims Act was not intended to include the board of commissioners of a county as an additional entity within the purview of the act but was intended only to clarify the definition. We feel that the act as it was phrased on the date of Gonser's accident clearly included an action against a county through its board of commissioners, and we therefore need not invoke any principles of strict construction as suggested by Gonser.

Gonser next argues that because she complied with the provisions in IC 1971, 17-2-1-1 *et seq.*, which deal with claims against counties, she should not be required to additionally comply with the notice provision in IC 1971, 34-4-16.5-7.

When required to construe a statute, this court must give effect to

the intention of the legislature which enacted the law. *Pruden v. Trabits* (1977), 175 Ind. App. 219, 370 N.E.2d 959. We must also construe the statute in accordance with its plain meaning, and we cannot apply a construction which is not in accordance with the clear and express purpose of the statute. *St. Germain v. State* (1977), 267 Ind. 252, 369 N.E.2d 931. Statutes dealing with the same subject matter will be construed as being harmonious when possible, but where there is irreconcilable conflict, a statute which is more recent and specific will control over one which is older and more general. *State ex rel. Sendak v. Marion County Superior Court, Room #2* (1978), 268 Ind. 3, 373 N.E.2d 145; *State ex rel. Eastern Pulaski Community School Corporation v. Pulaski Circuit Court* (1975), 264 Ind. 37, 338 N.E.2d 634.

The enactment in 1974 of the Indiana Tort Claims Act, IC 1971, 34-4-16.5-1 *et seq.*, was a legislative response to the decisions of this court and the Supreme Court which abolished sovereign immunity for the State and its political subdivisions. The clear intention of this act was to set up a uniform body of law to govern the prosecution of tort claims, and only tort claims, against the State and other governmental entities, including counties. Conversely, the provisions of IC 1971, 17-2-1-1, which were enacted in 1879, merely provide a procedure for the filing of any type of claim against a county, including contract claims, claims for goods or services, etc., for payment by the board of commissioners of the county. The statutory construction urged by Gonser that would allow a person to proceed with a tort claim against a county under either of the two acts mentioned above would be a repudiation of the clear purpose of the Tort Claims Act. We hold, therefore, that to the extent of any conflict the provisions of IC 1971, 17-2-1-1 *et seq.* have been impliedly repealed by the provisions of the Indiana Tort Claims Act, IC 1971, 34-4-16.5-1 *et seq.*, and that the trial court properly ruled that Gonser's action is barred by her failure to file a timely notice under IC 1971, 34-4-16.5-7.

Gonser lastly argues that the notice requirement of the Tort Claims Act is an unconstitutional denial of equal protection under the law. She contends that the notice requirement sets up two different classes of plaintiffs without any rational basis. However, as admitted by Gonser, similar notice statutes have been upheld

on numerous occasions as not being violative of equal protection. *Geyer v. City of Logansport* (1977), 267 Ind. 334, 370 N.E.2d 333; *Batchelder v. Haxby* (1975), 167 Ind. App. 82, 337 N.E.2d 887. Gonser has cited no authority and has presented no reasoning which would persuade us to alter or overrule those cases.

Judgment affirmed.

Lowdermilk and Robertson, JJ., concur.

NOTE—Reported at 378 N.E.2d 425.