### NORTHERN INDIANA PUBLIC SERVICE COMPANY, Plaintiff-Appellant,

v.

### FATTORE CONSTRUCTION COMPANY, Defendant-Appellee.

### No. 3–885A211.

Court of Appeals of Indiana, Third District.

Dec. 19, 1985.

Edward P. Grimmer, Barber & Sorbello, P.C., Crown Point, for plaintiff-appellant.

Harold G. Hagberg, Spangler, Jennings, Spangler & Dougherty, P.C., Merrillville, for defendant-appellee.

GARRARD, Judge.

The construction company was engaged in constructing sanitary sewers for the Town of St. John. On October 20, 1981 it allegedly damaged NIPSCO's electric transmission facilities which were buried in the easement where it was excavating. NIPSCO repaired the damage on October 20th or October 21st. On October 26, 1983 NIPSCO commenced this suit for damages arising from the incident. The trial court granted summary judgment on the basis that the two year statute of limitations for damage to personal property had expired. *See* IC 34–1–2–2(1).

On appeal NIPSCO contends this was error because its claim should be governed by the ten year limitation period provided by IC 34–4–20–2. The version of that statute that would apply to this proceeding stated:

> "No action to recover damages whether based upon contract, tort, nuisance or otherwise
>
> (a) For any deficiency or alleged deficiency in the design, planning, supervision, construction or observation of construction of an improvement to real property, or
>
> (b) For an injury to property, either real or personal arising out of any such deficiency, or

(c) For injury to the person, or for wrongful death arising out of any such deficiency shall be brought against any person performing or furnishing the design, planning, supervision, construction or observance of construction of an improvement to real property, unless such action is commenced within ten [10] years from the date of substantial completion of such improvement."

The parties agree that the claim sounded in tort, that NIPSCO's damaged cable was personal property and that the construction company was engaged in constructing an improvement to real estate.

The initial question is whether the claim falls or could fall within the requirements of subparagraph (a).

The word "deficiency" normally means either inadequate or defective. The legislature has given it no special meaning in the statute.[1] Accordingly, we should employ its common meaning.

The complaint charged that the construction company negligently cut the transmission cable. Under the charge NIPSCO could prove that inadequate or defective planning or supervision of the project or observation of construction was responsible for the damage. The complaint did not negative such proof. The complaint arguably states a claim within the purview of IC 34–4–20–2.

Even so, should the ten year limitation displace the two year limit usually applicable to injuries to personal property?

The construction company's argument suggests that this is not the sort of situation the legislature envisioned when it enacted IC 34–4–20–1 et seq. We do not disagree, but the words employed provide no such limitation.

Furthermore, familiar principles of construction provide that where statutes such as these appear to be in conflict the special statute should prevail over the general one, especially when it is also the more recently enacted one. *State ex rel. East-*

*ern Pulaski Comm. School Corp. v. Pulaski Circ. Ct.* (1975), 264 Ind. 37, 338 N.E.2d 634. It is also the general rule that where either of two statutes of limitation may apply to a claim, any doubt should be resolved in favor of applying the longer limitation. 51 Am.Jur.2d, *Limitation of Actions,* Section 63; 53 C.J.S., *Limitations of Actions,* Section 107.

We conclude the court erred in granting summary judgment.

Reversed and remanded.

YOUNG, P.J. (sitting by designation), concurs.

NEAL, J. (sitting by designation), dissents and files separate opinion.

NEAL, Judge, dissenting.

IND.CODE 34–1–2–2 provides a two year statute of limitation for injuries to personal property measured from the date the cause of action accrued. This section was last amended in 1981 and the particular provision was not changed. A cause of action ordinarily accrues when there occurs a union of the negligent act and ascertainable injuries. *Babson Brothers Company v. Tipstar Corporation* (1983), Ind.App., 446 N.E.2d 11. This statute of limitation is viable and there is no suggestion of legislative intent in IND.CODE 34–4–20–2 that it was to be repealed or restricted.

I repeat and emphasize IND.CODE 34–4–20–2:

"Time limitation for deficiency in design or construction of improvements.—No action to recover damages whether based upon contract, tort, nuisance, or otherwise, for:

(a) *Any deficiency,* or alleged deficiency, in the design, planning, supervision, construction, or observation *of construction of an improvement to real property;*

(b) *An injury to property,* either real or personal, *arising out of any deficiency;* or

---

1. IC 34–4–20–1 provides definitions for some of    the other terms employed.

(c) Injury to the person, or for wrongful death, arising out of any such deficiency;

shall be brought against any person who designs, plans, supervises, or observes the construction of, or constructs an improvement to real property, unless the action is commenced within the earlier of ten (10) years from the date of substantial completion of the improvement or twelve (12) years after the completion and submission of plans and specifications to the owner if the action is for deficiency in design." (Emphasis added.)

This section does not use the word injuries, but the word deficiencies, which the majority opinion correctly states as meaning either inadequate or defective. The statute measures the time limitation of 10 years not from the date of injury, but from completion. Thus IND.CODE 34-4-20-2 addresses a tort arising out of a completed but deficient building or improvement.

To me this conjures up an image of a cornice falling, inadequate roof supports, defective steps and the like, which, after the building is completed and accepted, causes injuries to a third party. The section does not contemplate casual and ordinary acts of negligence committed by a workman on a machine while digging a trench on the property of a third party, which has nothing to do with a completed but defective improvement. Such would repeal IND.CODE 34-1-2-2.

IND.CODE 34-4-20-2 was meant to limit the time period in which a builder and architect would remain liable for latent defects where the injury occurred many, many years later after which the plaintiff could bring his suit within two years. Because of the lapse of time the builder and architect, not being in possession, would be helpless to defend themselves. It is noted that the owner in possession remains liable and all responsibility is shifted to him after the period of limitation has run. Because of this section a cause of action may be barred before it accrues. *See Cory Beecher and Frances Spalding v. Howard L.*

*White, AIA and James Associates* (1983), Ind.App., 447 N.E.2d 622.

Under IND.CODE 34-4-20A-5, the statute of limitation for products liability, the plaintiff faces a limitation of two years from the accrual of the action, or ten years from delivery. We cannot implant the same two year limitation in this section, though it seems implicit. However, in my opinion, the injury must arise out of a completed but deficient improvement, and not casual acts of negligence wherein the cause of action accrues during construction.