## HELLYER COMMUNICATIONS, INC., Plaintiff,

v.

## WRC PROPERTIES, INC., Defendant.

### No. IP 95–386–C B/S.

United States District Court,
S.D. Indiana,
Indianapolis Division.

June 8, 1995.

## MEMORANDUM ENTRY

BARKER, Chief Judge.

This matter is before the Court on defendant WRC Properties' ("WRC") motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). For the reasons stated below, the motion is denied.

### I. Factual Background

This action involves office space ("the Premises") located in the "8500 Building" at Keystone at the Crossing ("the Building"). In 1984, Hellyer Communications ("Hellyer") occupied the Premises pursuant to a written lease agreement, which identified the rentable area of the Premises as 4,377 square feet. In August of 1985, after WRC had purchased the Building, the parties entered into a lease amendment "to add an additional 3,075 square feet to the Leased Premises." (Lease

Amendment, Defendant's Ex. 2). The parties executed a second lease amendment on December 16, 1988. That amendment did not affect the size of the rentable area. On October 12, 1992, Hellyer and WRC executed a third lease amendment, adding an additional 2,025 square feet to the leased premises for a total square footage of 9,477 square feet. Finally, on October 5, 1993, a fourth lease amendment was executed which did not change the amount of leased area.

At some point during the lease period, Hellyer discovered that "the actual Rentable Area of the Premises [was] ... substantially less than what Defendant represented to be the Rentable Area of the Premises as set forth in the Lease." (Complaint, at ¶ 4). As a result, on March 2, 1995, Hellyer filed the instant suit seeking reimbursement for overpaid rent (Count I) and reformation of the lease to reflect the actual rentable area (Count II). WRC filed this motion on April 26, 1995, arguing that Plaintiff's claims are barred by Indiana Code § 34-1-2-1, which requires that claims for "rents" be brought within six years after the claim has accrued.

## II. Analysis

The standards governing this motion are not in dispute. A Rule 12(c) motion will be granted only if it appears beyond doubt that the plaintiff cannot prove any facts that would support a claim for relief. *Thomason v. Nachtrieb,* 888 F.2d 1202, 1204 (7th Cir. 1989). The moving party must clearly establish that no material issue of fact remains to be resolved and that the moving party is entitled to judgment as a matter of law. *National Fidelity Life Ins. Co. v. Karaganis,* 811 F.2d 357, 358 (7th Cir.1987). In determining whether a judgment on the pleadings is proper, this Court accepts as true all facts alleged in the complaint and draws all reasonable inferences from the pleadings in favor of the plaintiff. *Gillman v. Burlington Northern R. Co.,* 878 F.2d 1020, 1022 (7th Cir.1989).

■ Under Indiana law, the substance of the action, rather than its form, determines the applicable statute of limitations. As this Court has explained,

the applicable statute of limitations "should be ascertained by reference to the nature of the harm alleged rather than by reference to the theories of recovery. In other words, the applicable statute of limitations is ascertained by identifying the nature or substance of the cause of action and not by the form of the pleadings."

*O.K. Sand & Gravel, Inc. v. Martin Marietta Corp.,* 786 F.Supp. 1442, 1448 (S.D.Ind.1992) *quoting Whitehouse v. Quinn,* 477 N.E.2d 270, 273 (Ind.1985); *see also Lift-A-Loft Corp. v. Rodes-Roper-Love Insurance Agency, Inc.,* 975 F.2d 1305, 1309-10 (7th Cir. 1992).

Defendant maintains that the substance of the Complaint is a claim for "rents." Construed as such, WRC argues that the six-year limitations period of Indiana Code § 34-1-2-1 would apply.[1] According to Plaintiff, however, breaking the terms of a written lease constitutes a routine breach of contract claim. Thus, the ten-year statute of limitations generally applicable to written contracts under Indiana Code § 34-1-2-2(6) should govern this case.[2]

■ After examining the Complaint, we find that the nature of the harm alleged in this case concerns "rents" as that term is used in section 34-1-2-1. Count I of the Complaint, for example, expressly seeks "reimbursement from Defendant for the overpayments of *rent.*" (Complaint, at ¶ 6) (emphasis added). Likewise, Count II prays for reformation of the lease to reflect a "reduction in the amount of *rent* due." (Complaint, ¶ 6) (emphasis added). Finally, in its response to this motion, Plaintiff again describes the nature of the alleged harm as deriving from the "overpayments of *rent.*" (Brief in Response, at p. 6) (emphasis added). Thus, even though the lease provides the

---

**1.** That provision applies to actions "[f]or use, *rents,* and profits of real property." I.C. § 34-1-2-1 (Burns 1986) (emphasis added).

**2.** That provisions provides in pertinent part that "contracts in writing" shall be commenced "within ten [10] years" after the cause of action has accrued. I.C. § 34-1-2-2 (Burns 1986).

basis of Hellyer's claims, the specific nature of the requested relief is for rent.[3]

In response, Plaintiff argues that an action for "rents" refers only "to actions by landlords against tenants, not vice versa." (Brief in Response, p. 4). Plaintiff ignores, however, that a landlord's action for unpaid rent—to the extent it is based on the breach of the terms of a lease or a rental agreement—also can be characterized as a routine breach of contract claim. Yet neither action is governed by the general limitations period for breach of contract claims because each arises from a specific kind of contract (a lease) and seeks a specific measure of damages (the amount of overpaid or unpaid "rents"). Moreover, despite our earnest efforts, we have been unable to identify a single Indiana case limiting "rents" claims to actions by landlords. Thus, "[w]ith no further direction or definition in the Indiana statute and with no direction from subsequent case law, we follow the plain language of the statute." *Mann v. Johnson Memorial Hospital*, 611 N.E.2d 676, 678–79 (Ind.App.1993) (footnote omitted). Accordingly, we find that the six-year limitations period applies to actions by tenants to recover overpaid rent just as it would apply to actions by landlords to recover unpaid or underpaid rent.

Section 34–1–2–1 permits a plaintiff to bring suit any time within six years of the accrual of the cause of action. In considering when a cause of action accrues, we look to "when the injured party knows or, in the exercise of ordinary diligence, could have known, that he or she had sustained an injury." *Habig v. Bruning*, 613 N.E.2d 61, 64 (Ind.App.1993) (expressly adopting so-called discovery rule for breach of contract actions brought under § 34–1–2–1). "We must therefore consider whether a reasonable person in the position of th[is] plaintiff[ ], possessing the information [it] did when [it] did, could have discovered through the exercise of ordinary diligence that" it had suffered an injury. *Horn v. A.O. Smith Corp.*, 50 F.3d 1365, 1369 (7th Cir.1995) (citation omitted).

In this case, movant has not identified in its supporting briefs the point at which Hellyer knew or should have known it was paying for space that it did not occupy. Nor is it clear from the pleadings when Hellyer first discovered the error, or when Hellyer should have discovered it. Indeed, Hellyer alleges that it was unaware that the actual rentable area of the Premises had been overstated until after it learned the results of an audit performed by Leasehold Advisors, Inc. (Complaint, at ¶ 4; Brief in Response, at p. 2 n. 2). Neither side, however, identifies the period of time when Leasehold Advisors communicated to Hellyer the results of that audit.[4] Thus, because WRC has failed to prove "beyond doubt that the non-movant can plead no facts that would support his claim for relief," *United States v. Wood*, 925 F.2d 1580, 1581 (7th Cir.1991), its motion for judgment on the pleadings is denied.

### III. Conclusion

For the reasons set forth above, WRC's motion for judgment on the pleadings is DENIED.

It is so ORDERED.

---

3. The Court concedes that an action based on the violation of the terms of a lease comprises a claim for breach of contract. However, fundamental rules of statutory construction require that specific statutes of limitations prevail over more general statutes. *See State v. Lake Superior Court*, 500 N.E.2d 737, 739 (Ind.1986); *Horne v. State*, 572 N.E.2d 1333, 1335 (Ind.App.1991); *Northern Indiana Public Service Co. v. Fattore Construction Co.*, 486 N.E.2d 633, 634 (Ind.App. 1985). Thus, in this case, the specific statute concerning actions "[f]or use, rents, and profits of real property" should prevail over the general limitations provision for breach of contract actions.

4. We do not mean to suggest, however, that the date on which Hellyer discovered that it was paying for space it did not occupy is the only possible accrual point for this action. Indeed, the evidence may ultimately show that a reasonably diligent tenant in Hellyer's position would have known of the discrepancy long before the lease audit was performed. Nevertheless, for purposes of this motion, such speculation only highlights the existence of lingering issues of fact and the necessity for a more developed factual record.