**Carley R. LEE, Plaintiff-Appellant,**

**v.**

**Lawrence FISTER, Defendant-Appellee.**

**No. 19189.**

United States Court of Appeals
Sixth Circuit.

July 30, 1969.

Darrell B. Hancock, Fowler, Rouse, Measle & Bell, Lexington, Ky., for appellant.

W. R. Patterson, Jr., Landrum, White & Patterson, Lexington, Ky., for appellee.

Before WEICK, Chief Judge, and PECK and COMBS, Circuit Judges.

PECK, Circuit Judge.

The sole question presented in this diversity case concerns the determination of the applicable Kentucky statute of limitations in a personal injury action by a visitor to a model home against the builder of the home.

Defendant-appellee constructed a model home in the Lexington, Kentucky, area and opened it to the public for inspection. While visiting the model home for purposes of inspection, the plaintiff-appellant slipped and fell on some loose paper covering the floor of the home. Plaintiff-appellant filed suit for $55,000 approximately three years after the date of the injury.

There are three separate Kentucky statutes which deal with limitation on this type of action. The first is the general one year statute of limitations, KRS 413.140(1) (a), which provides that an action for personal injury must be brought within one year after the cause of action accrues.[1] The second is a 1964 amendment to the general five year statute of limitations, KRS 413.-120(14), which provides that an action for personal injuries against a builder of a home or other improvement must be brought within five years after the cause of action accrues. This section also provides that a cause of action for personal injuries against a builder of a home or other improvement is deemed to accrue at the time of the original accupancy of the home.[2] The third statute, KRS 413.135, was newly enacted in 1966 and provides that any cause of action, whether in contract or tort, for personal injury or property damage arising out of a defect in the construction of a home or other improvement is to be brought within five years from the date of the substantial completion of the home, with the exception that when the injury occurs in the fifth year following completion, the action must be brought within one year from the date of the injury. A subsection of this section provides that "Nothing in this section shall be construed as extending the period prescribed by statute for the bringing of any action for damages."[3]

The District Court granted the appellee's motion to dismiss on the ground that the action was barred by the one year statute of limitations.

The appellant contends that the five year statutes of limitation on actions for personal injuries against a builder of a home are irreconcilable with the one year statute of limitations on actions for personal injuries generally. The appellant therefore contends that the statutes later in time should be considered to have repealed by implication the earlier one year statute with respect to personal injury actions against home builders, and that the five year statute of limitations rather than the one year statute should apply.

1. KRS 413.140(1) (a) provides:
   "(1) The following actions shall be commenced within one year after the cause of action accrued:
   (a) An action for any injury to the person of the plaintiff, or of his wife, child, ward, apprentice or servant."

2. KRS 413.120 provides:
   "The following actions shall be commenced within five years after the cause of action accrued:
   * * * * *
   (14) An action for personal injuries suffered by any person against the builder of a home or other improvements. This cause of action shall be deemed to accrue at the time of original occupancy of the improvements which the builder caused to be erected."

3. KRS 413.135 provides:
   "(1) No action to recover damages, whether based upon contract or sounding in tort, resulting from or arising out of any deficiency in the design, planning, supervision, inspection or construction of any improvement to real property, or for any injury to property, either real or personal, arising out of such deficiency, or for injury to the person or for wrongful death arising out of any such deficiency, shall be brought against any person performing or furnishing the design, planning, supervision, inspection or construction of any such improvement after the expiration of five years following the substantial completion of such improvement.
   "(2) Notwithstanding the provisions of subsection (1) of this section, in the case of such an injury to property or the person or wrongful death resulting from such injury, which injury occurred during the fifth year following substantial completion of such improvement, an action to recover damages for such injury or wrongful death may only be brought within one year from the date upon which such injury occurred (irrespective of the date of death), but in no event may such an action be brought more than six years after the substantial completion of construction of such improvement.
   "(3) Nothing in this section shall be construed as extending the period prescribed by statute for the bringing of any action for damages."

<br>

The appellant's contention is at first blush appealing. An initial attempt to reconcile the general one year statute of limitations with the 1964 amendment to the five year statute of limitations is met by the requirement in KRS 413.-140(1) (a) that a cause of action for personal injuries must be brought within one year from the date the cause of action accrued, while section 413.120 (14) provides that a cause of action for personal injuries against a builder of a home or other improvement accrues on the date of the original occupancy of the home. Thus a cause of action against a home builder for a personal injury which occurred twelve months and one day after the original occupancy of the home would be barred before it arose.

■ However, despite this apparent irreconcilable inconsistency in the two statutes, we feel that the appellant's contention must fail. We note first that there are no Kentucky cases on point. We must therefore attempt to determine how a Kentucky court would interpret the statutes if the question was presented to it. Two corollary Kentucky rules of statutory construction are helpful in this regard. The first is that apparent conflicts in statutes on the same general subject matter should be reconciled whenever possible; the second is that repeal by implication is to be avoided whenever possible. See Brown v. Hoblitzell, 307 S.W.2d 739 (Ky.Ct.App.1956); Sumpter v. Burchett, 304 Ky. 858, 202 S.W.2d 735 (1947); Campbell County Election Commission v. Weber, 240 Ky. 373, 42 S.W.2d 511 (1931); Naylor v. Board of Education, 216 Ky. 766, 288 S. W. 690 (1926).

■ Applying these rules of construction, when KRS 413.135 is read in conjunction with the other two statutes, the apparent conflict can be reconciled and repeal by implication avoided. While KRS 413.135 enlarges the scope of the five year limitation on actions against a builder of a home to include actions for injury to real or personal property (whether the action sounds in tort or contract), it also provides for the same five year limitation on actions for personal injury against a builder of a home as was provided for in KRS 413.-120(14). Thus both KRS 413.135 and KRS 413.120(14) deal with the same general area of legislation, limitations on actions against builders of homes or other improvements. Therefore, the more comprehensive language of KRS 413.135, which was a newly enacted statute rather than an amendment to an existing statute of limitations, can properly be examined to clarify the legislative intent. In particular, upon examination of all the subsections of KRS 413.135, the intent of the legislature is shown to be that all actions for personal injury are to be brought within one year from the date of the injury, but that when the cause of action for personal injury is against a builder of a home or other improvement, there is the added limitation that the action cannot be brought at all more than five years after the completion of the home or other improvement (or six years if the injury occurred in the fifth year following the completion of the home). In other words, no right of such action exists as a result of injury sustained five years and one day following completion even though the injured party would otherwise have a full year within which to sue. We conclude that this piggyback limitation was intended as an added protection to builders, who might otherwise be held liable for accidents resulting from dilapidated conditions in deteriorating structures, rather than as an extension to the rights of this particular class of injured persons.

■ Therefore, we determine and hold that the District Court correctly held that the action was barred by the Kentucky one year statute of limitations.

The judgment of the District Court is affirmed.