**Betty GRISSOM, a widow, Plaintiff,**

v.

**NORTH AMERICAN AVIATION, INC.,**
**a foreign corporation, et al.,**
**Defendants.**

Civ. No. 71-23.

United States District Court,
M. D. Florida,
Orlando Division.

May 11, 1971.

Kenneth D. McConnico, Krist, McConnico & Jones, Houston, Tex., William

Whitaker, Whitaker & Koepke & Associates, Orlando, Fla., for plaintiff.

Walton, Lantaff, Schroeder, Carson & Wahl, Miami, Fla., for defendants.

### ORDER

GEORGE C. YOUNG, District Judge.

In this case plaintiff, as widow of Virgil I. Grissom, sues for the wrongful death of her late husband under Chapter 768, Florida Statutes, F.S.A. It is alleged that on January 28, 1967, Virgil I. Grissom died while engaged in a "ground test" of an Apollo space capsule manufactured by defendant, North American Rockwell Corporation. His widow, Betty Grissom, subsequently brought separate suits against the defendants in her capacities as widow and administratrix of his estate. Both suits were filed on January 18, 1971 in state court but were subsequently removed to federal court on January 27, 1971.

The defendants have filed various motions, including a motion to dismiss alleging that the Statute of Limitations for wrongful death actions in Florida, Section 95.11(6), Florida Statutes, F.S.A., has run.

■ F.S. Section 95.11(6), F.S.A., provides for a two (2) year statute of limitations in wrongful death actions in Florida; the time beginning to run at decedent's death, St. Francis Hospital v. Thompson, 159 Fla. 453, 31 So.2d 710, 174 A.L.R. 810 (1947). Defendants contend that decedent's death occurred on January 27, 1967 and that any suit for Grissom's wrongful death would be barred if not filed within two (2) years thereof, and because the present suit was filed almost four (4) years after date of death it should be dismissed. Plaintiff, however, argues that the Court should apply F.S. Section 95.11(10), F.S.A., a special statute of limitations for actions against professional engineers, rather than F.S. § 95.11(6), F.S.A., the general two (2) year statute.

Florida Statutes, § 95.11(10), F.S.A., provides a time limitation of twelve (12) years within which actions, including wrongful death actions, may be brought against professional engineers:

> " * * * arising out of any deficiency in design or planning or for any deficiency in the design or planning of an improvement to real property. * * * "

It is further provided that the cause of action shall be deemed to have accrued, and the time limited shall commence to run from the date of substantial completion of the construction or termination of the engineer's contract with the employer, whichever occurs first. The section also provides that the words "professional engineers" includes corporations.

Plaintiff argues that she had twelve (12) years, rather than two (2) years, in which to bring this action; therefore, the suit is within the applicable statute of limitations and the motion to dismiss should be denied.

Basically, defendants argue that § 95.11(10) is inapplicable to the instant case in that it is intended only to cover suits against professional engineers who have worked professionally in some way with the design or planning to real property or improvements thereto, and that it should not be applied to the instant situation involving the design and manufacture of a space craft.

Plaintiff contends that if defendants' interpretation of § 95.11(10) is correct, it creates a redundancy of language: if the first "design or planning" phrase in the statute is limited to real property then—says the plaintiff—the second phrase "design or planning of an improvement to real property" would be merely repetitious.

On March 12, 1971, at the hearing in this case, the parties were granted ten (10) days within which to submit any available relevant legislative history bearing on the intent of the legislature in passing this addition to F.S. § 95.11, F.S.A. Counsel for all parties found that

no legislative history was available bearing on passage of this particular subsection. However, a somewhat similar statutory proposal was before the United States House of Representatives in 1969; H.R.Bill No. 4181 [1] sought to amend the statute of limitations in the District of Columbia for actions from defective improvements to real property. House Report No. 91–370 which accompanied H.R. 4181 stated, in part, the basis for limiting to some defined period the time in which an action could be brought against the engineers, architect or designer of improvements to realty:

"The purpose of H.R. 4181 is to provide a limitation on the period of time during which an action may be brought to recover damages, contribution, or indemnity against architects, designers, engineers, or contractors on the ground of a defective or unsafe condition of an improvement to real property. At the present time in the District of Columbia there is no limitation as to the period of liability of an architect, engineer, or contractor for a defective or unsafe condition in an improvement to real property. Thus, such parties may become defendants in a suit brought by a person who sustains a personal injury in a building which was built 24 or even 50 years ago. The only limitation applying in such case under District of Columbia law is that such an action must be brought within 3 years after the date the cause of action accrues.

In recent years there has been a substantial increase in the number of actions for the recovery of damages, contribution, or indemnity, for injury to property or persons or wrongful death against architects, engineers, and contractors, based upon a defective or unsafe condition of an improvement to real property.

The District of Columbia, as was the case in the states, has no statute of limitations relating to such actions.

Architects who design buildings or improvements to real property, engineers who design and install equipment, or contractors, who build the improvements under rigid inspection and conformity with building codes, may find themselves named as defendants in such damage suits many years after the improvement was completed and occupied.

Comparatively, modern architecture, engineering, and construction, with the new techniques, technology, and methods, may give the appearance of defective or unsafe conditions to older structures which conditions may be used as a basis for such damage suits. In such cases, the architectural plans used may have been discarded, copies of building codes in force at the time of design or construction may no longer be in existence and the persons who were individually involved may have deceased or may not be located. The purpose of the law is to provide a reasonable time and opportunity for a person who has suffered injury or damages to bring an action. To permit the bringing of such actions without any limitation as to time places the defendant in an unreasonable position if not imposing the impossibility of asserting a reasonable defense.

At hearings before your Committee, specific cases were mentioned to illustrate the need for the pending legislation. In one case an architectural firm designed an auditorium which was built in 1928. In 1965, a visitor to the auditorium fell on the stairway and was injured. Her allegation in a suit for damages against the owner was that her injury was due to the improper location of a handrail. The owner of the building, in turn, filed suit against the architect for alleged negligence in designing the stairway and handrail. Thus, 38 years after the completion of the construction the ar-

1. H.R. 4181, 91st Congress, 1st Sess. (1969). Passed the House July 14, 1969 and died in the Senate at the end of the 91st Congress.

chitectural firm is now defending itself against a $50,000 lawsuit.

In another instance an engineering firm designed a grain elevator which was built in 1934. The elevator was destroyed by an explosion in 1957. In 1959, the owner sued the engineer for $250,000 alleging that the explosion was due to errors in the design of the ventilation system.

In the first case, none of the architects involved in the design of the auditorium is alive today but the architectural firm is being sued. The plans, specifications, and contracts may have been lost or destroyed. Old building codes, essential to the defense cannot be found. In the grain elevator case, the plaintiff in effect alleged that the engineer should have created in 1934 a ventilation system based on 1959 standards and technology.

Architects, engineers, and contractors have no control over an owner whose neglect in maintaining an improvement may cause dangerous or unsafe conditions to develop over a period of years. They cannot prevent an owner from using an improvement for purposes for which it was not designed. Nor can they prevent the owner of a building from making alterations or changes which may, years afterward, be determined unsafe or defective and appear to be a part of the original improvement."

This same general intent appears to be one major reason for the passage of similar provisions in a number of other jurisdictions.[2]

Even though it is apparent that the purpose of § 95.11(10) was to limit the period of potential liability of professional engineers and architects, the question still remains whether it was the intention of the legislature that § 95.11(10) be applied as a separate, independent statute of limitation complete in itself—that is, whether § 95.11(10) superceded all previously applicable general statutes of limitation and is to be used in isolation to govern the period for bringing of wrongful death actions against professional engineers and architects.

■ This Court believes the more reasonable application of § 95.11(10) and the only correct interpretation is that a professional engineer or architect is susceptible to suit for a period of only twelve (12) years, and that a plaintiff, once death occurs, has not more than two (2) years in which to bring suit or have the action barred. If death occurs or the defect is found more than twelve (12) years after completion of the work, no wrongful death suit could be maintained.

■ In light of this Court's interpretation of F.S. § 95.11(10), F.S.A., it is unnecessary to decide whether that statute applies to a space capsule or whether the instant defendants are "professional engineers" within the coverage of § 95.11(10) because even were it applicable, under this Court's interpretation, the widow would have had only two years after her husband's death in which to initiate suit for wrongful death. Therefore, in the present circumstances, whether § 95.11(10) is specifically applicable or not, the wrongful death action is barred by § 95.11(6).

For these reasons, it appears that suit for the wrongful death of Virgil I. Grissom was filed after the applicable statute of limitation had run and therefore is now barred; it is therefore,

Ordered and adjudged that defendants' motion to dismiss be and is hereby granted; and it is further,

Ordered and adjudged that no ruling need be made on defendants' other motions as they are now moot.

---

2. Lunch, Milton, "Why Statutes of Limitations?", Consulting Engineer, February 1964.