Cory BEECHER and Frances Spalding, Plaintiffs-Appellants,

and

Flat Rock Hawcreek School Corporation, Defendant-Appellant,

v.

Howard L. WHITE, AIA and James Associates, Defendants-Appellees.

No. 1–781A230.

Court of Appeals of Indiana, First District.

April 12, 1983.

Rehearing Denied May 16, 1983.

⟜4(2)

C. Richard Marshall, Columbus, for Beecher and Spalding.

Robert L. Dalmbert, Dalmbert & Marshall, Columbus, for Flat Rock Hawcreek School Corp.

Arthur P. Kalleres, Scott A. Smith, Ice, Miller, Donadio & Ryan, Indianapolis, for defendants-appellees.

NEAL, Judge.

### STATEMENT OF THE CASE

Plaintiff-appellants Cory Beecher and Frances Spalding (Beecher and Spalding), and defendant-cross complainant and appellant Flat Rock Hawcreek School Corporation (Hawcreek) appeal an adverse summary judgment granted by the Jennings Circuit Court in favor of defendants-appellees Howard L. White, AIA and James Associates (White and James). Beecher and Spalding contend that Ind.Code 34–4–20–2, the statute of limitations applicable to suits against architects, is unconstitutional.

We affirm.

### STATEMENT OF THE FACTS

In 1966 work was completed on a school building for Hawcreek, built under the supervision of White and James, architects. In 1979 Beecher, a student at the school, was injured when he fell or was pushed through a glass wall or panel between the entrance doors to the school. The suit by Beecher for his injuries, and the suit by Spalding, Beecher's mother, for medical expenses and loss of services, was brought against Hawcreek and against White and James. The negligence alleged against the latter concerned the specification for non-safety glass in the panel. Hawcreek filed a cross claim against White and James sounding in indemnity. The trial court granted White and James' motion for summary judgment on the basis of Ind.Code 34–4–20–2, which reads as follows:

"Sec. 2. No action to recover damages whether based upon contract, tort, nuisance, or otherwise,

(a) for any deficiency, or alleged deficiency, in the design, planning, supervision, construction, or observation of con-

struction, of an improvement to real property, or

(b) for an injury to property, either real or personal, arising out of any such deficiency, or

(c) for injury to the person, or for wrongful death, arising out of any such deficiency, shall be brought against any person performing or furnishing the design, planning, supervision, construction, or observation of construction, of an improvement to real property,[1] unless such action is commenced within ten (10) years from the date of substantial completion of such improvement." (Footnote added.)

## ISSUES

The sole issue is the constitutionality of Ind.Code 34-4-20-2. Appellants claim that the statute is unconstitutional because:

I. It violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution; the privileges and immunities clause of Art. I, § 23 of the Indiana Constitution; and the special laws provision of Art. IV, §§ 22–23 of the Indiana Constitution.

II. It violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution and the open courts clause of Art. I, § 12 of the Indiana Constitution.

## DISCUSSION AND DECISION

*Issue I. Equal Protection—privileges and immunities—special laws*

The relevant Indiana Constitutional provisions raised by Beecher and Spalding are as follows:

Art. I, § 23. Privileges equal.—The General Assembly shall not grant to any citizen, or class of citizens, privileges or immunities which, upon the same terms, shall not equally belong to all citizens.

Art. IV, § 22. Local or special laws forbidden.—The General Assembly shall not pass local or special laws, in any of the following enumerated cases, that is to say . . .

Art. IV, § 23. Laws must be general. —In all the cases enumerated in the preceding Section, and in all other cases where a general law can be made applicable, all laws shall be general, and of uniform operation throughout the State.

The primary argument raised by Beecher, Spalding and Hawcreek is that the statute creates an impermissible classification because it is unreasonable, arbitrary, and does not rest upon a difference that bears a substantial relation to the objects of the legislation.

A recent case, *Johnson v. St. Vincent Hospital, Inc.,* (1980) Ind., 404 N.E.2d 585, sets forth the criterion for constitutionality under Art. I, § 23 and Art. IV, §§ 22 and 23. It states:

"The fair and substantial relation standard is to be applied here. In order for this classification to satisfy the guarantee of equal protection, it 'must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike.' The standard to be applied in protecting rights secured by Art. I, § 23, of the Indiana Constitution, is whether the legislative classification is based upon substantial distinctions with reference to the subject-matter, or is manifestly unjust or unreasonable. The same standard is applicable in testing a statute under Art. IV, §§ 22 and 23." (Citations omitted.) *Id.* at 597.

Every reasonable presumption must be indulged in favor of the constitutionality of a statute, and all doubts are resolved against the one who asserts its unconstitutionality. *Hall v. State,* (1980) Ind., 403 N.E.2d 1382; *Steup v. Indiana Housing Finance Authority,* (1980) Ind., 402 N.E.2d 1215; *Sidle v. Majors,* (1976) 264 Ind. 206, 341 N.E.2d 763. Before a statute

---

1. In the interests of convenience and clarity, we will refer to all classes of persons protected by this statute, e.g., builders and architects, as "builders." Owners and other persons in actual possession or control of the property will be referred to as "Owners."

will be declared unconstitutional, its fatal defects must be clearly apparent. A statute is not unconstitutional because the court might consider it unwise, undesirable, or ineffectual. *Johnson, supra.*

■ Though the constitutionality of Ind. Code 34–4–20–2 has not been attacked previously, Indiana appellate cases have discussed or applied it. *See Dodd v. Kiefer,* (1981) Ind.App., 416 N.E.2d 463; *Great Lakes Company v. Merrill A. Jones & Associates,* (1980) Ind.App., 412 N.E.2d 257; *Walsh v. Halteman,* (1980) Ind.App., 403 N.E.2d 894; *Wagner Construction Co., Inc. v. Noonan,* (1980) Ind.App., 403 N.E.2d 1144.

Two other statutes of limitations that can cut off the right to sue before the injury occurs or is discovered have withstood constitutional challenges. Ind.Code 33–1–1.5–5, which provides that a products liability suit generally must be brought within ten years of the delivery of the product to the initial user, has withstood a challenge under Art. I, § 12 of the Indiana Constitution in *Dague v. Piper Aircraft Corporation,* (1981) Ind. 418 N.E.2d 207. Likewise, the consti-

tutionality of Ind.Code 16–9.5–3–1, which provides that a medical malpractice claim must be filed within two years of the alleged negligent act, has been upheld against Due Process and open courts clause challenges, as well as equal protection and special law challenges. *See Rohrabaugh v. Wagoner,* (1980) Ind., 413 N.E.2d 891; *Johnson, supra; Nahmias v. Trustees of Indiana University et al.,* (1983) Ind.App., 444 N.E.2d 1204; *Carmichael v. Silbert,* (1981) Ind.App., 422 N.E.2d 1330, *trans. denied.*

In other states many courts have construed provisions similar to Ind.Code 34–4–20–2 and reached divergent conclusions. A deep rift exists between the jurisdictions that have upheld the statute and those that have invalidated it. The case of *Canton Lutheran Church v. Sovik, Mathre, Sathrum, & Quanbeck,* (D.South Dakota 1981) 507 F.Supp. 873, noted that 42 states had enacted such statutes as this, and at least 23 courts had ruled on their constitutionality.[2] Eleven had invalidated the statutes on constitutional grounds.

**2.** Since the *Canton Lutheran Church* decision in 1981, other courts have ruled. The following cases have upheld statutes similar to Ind.Code 34–4–20–2 despite constitutional challenges on federal Due Process and Equal Protection and state open courts and special laws grounds:

> *President and Directors of Georgetown College v. Madden,* (D.Md.1980) 505 F.Supp. 557, *aff'd in part, dismissed in part,* 660 F.2d 91;
> *Adair v. Koppers Company, Inc.,* (N.D.Ohio 1982) 541 F.Supp. 1120;
> *Smith v. Allen-Bradley Company,* (W.D.Va. 1974) 371 F.Supp. 698;
> *Carter v. Hartenstein,* (1970) 248 Ark. 1172, 455 S.W.2d 918, *appeal dismissed for lack of substantial federal question* (1971) 401 U.S. 901, 91 S.Ct. 868, 27 L.Ed.2d 800;
> *Barnhouse v. City of Pinole,* (1982) 133 Cal. App.3d 171, 183 Cal.Rptr. 881;
> *Salinero v. Pon,* (1981) 124 Cal.App.3d 120, 177 Cal.Rptr. 204;
> *Yarbro v. Hilton Hotels Corporation,* (1982) Colo., 655 P.2d 822;
> *Twin Falls Clinic & Hospital Building Corporation v. Hamill,* (1982) 103 Idaho 19, 644 P.2d 341;
> *Burmaster v. Gravity Drainage District No. 2 of Parish of St. Charles,* (1978) La., 366 So.2d 1381;

> *Klein v. Catalano,* (1982) 386 Mass. 701, 437 N.E.2d 514;
> *O'Brien v. Hazelet & Erdal,* (1980) 410 Mich. 1, 299 N.W.2d 336;
> *Anderson v. Fred Wagner and Roy Anderson Jr., Incorporated,* (1981) Miss., 402 So.2d 320;
> *Reeves v. Ille Electric Company,* (1976) 170 Mont. 104, 551 P.2d 647;
> *Rosenberg v. Town of North Bergen,* (1972) 61 N.J. 190, 293 A.2d 662;
> *Howell v. Burk,* (1977) 90 N.M. 688, 568 P.2d 214, *cert. den.* (1977) 91 N.M. 3, 569 P.2d 413.
> *Lamb v. Wedgewood South Corporation,* (1982) 55 N.C.App. 686, 286 S.E.2d 876;
> *Freezer Storage, Inc. v. Armstrong Cork Company,* (1978) 476 Pa. 270, 382 A.2d 715;
> *McMacken v. State,* (1982) S.D., 320 N.W.2d 131, *on rehearing,* (1982) 325 N.W.2d 60;
> *Harmon v. Angus R. Jessup Associates, Inc.,* (1981) Tenn. 619 S.W.2d 522;
> *Ellerbe v. Otis Elevator Company,* (1981) Tex.Civ.App., 618 S.W.2d 870;
> *Good v. Christensen,* (1974) Utah, 527 P.2d 223;
> *Yakima Fruit & Cold Storage Co. v. Central Heating & Plumbing Co.,* (1972) 81 Wash.2d 528, 503 P.2d 108.
> The following cases have invalidated such statutes on federal or state constitutional grounds:

Generally, the cases cited by Beecher and Spalding find fatal flaws in the statutes on the grounds that they violate the Equal Protection Clause or special law proscriptions. These cases hold that such statutes confer special immunity upon builders, but discriminate against owners and in some cases materialmen without a reasonable basis for doing so. The courts have stated that such statutes are not true statutes of limitations because they not only limit the time in which to bring suit after the action accrues, but may act as a bar to the action before it accrues. These courts have held that while constitutional guarantees do not prohibit reasonable classifications, such classifications must be reasonably related to the legislative purpose. Unless the statute applies to all who are similarly situated, it is discriminatory and unconstitutional. *See Skinner v. Anderson,* (1967) 38 Ill.2d 455, 231 N.E.2d 588; *Phillips v. ABC Builders, Inc.,* (1980) Wyo., 611 P.2d 821; *Pacific Indemnity Company v. Thompson-Yaeger, Inc.,* (1977) Minn., 260 N.W.2d 548; *McClanahan v. American Gilsonite Company,* (D.Colo.1980) 494 F.Supp. 1334; *Canton Lutheran Church, supra; Fujioka v. Kam,* (1973) 55 Haw. 7, 514 P.2d 568; *Kallas Millwork Corporation v. Square D Co.,* (1975) 66 Wis.2d 382, 225 N.W.2d 454; *Loyal Order of Moose, Lodge 1785 v. Cavaness,* (1977) Okla., 563 P.2d 143; *Broome v. Truluck,* (1978) 270 S.C. 227, 241 S.E.2d 739.

In *Fujioka* the court found that the owners were not only discriminated against, but their right of indemnity was taken away. *Kallas* recited that there are two purposes to justify a statute of limitations, (1) to deny a forum to those who have slept on their rights, and (2) to protect a defendant from stale claims and from lawsuits brought at a time when memories have faded and the defense has become more difficult. The court opined that the lapse of time posed equal or greater problems for the plaintiff because he bore the burden of proof.

Such statutes as Ind.Code 34–4–20–2 have been upheld in at least 21 other jurisdictions. *See* n. 2. Those courts have noted several rational distinctions between builders and owners and concluded that the two groups are not similarly situated. After the construction has been completed and the building has been accepted, there is no way the builder can guard against neglect, abuse, poor maintenance, mishandling, improper modification, or unskilled repair, because he has no control over the premises. The builder has no opportunity to make ongoing inspections which can be made by the owner. Part of the owner's acceptance of the building from the builders is his acceptance of future responsibility for the condition of the premises. *See Burmaster v. Gravity Drainage District No. 2 of Parish of St. Charles,* (1978) La., 366 So.2d 1381; *Carter v. Hartenstein,* (1970) 248 Ark. 1172, 455 S.W.2d 918, *appeal dismissed for want of a substantial federal question* (1971), 401 U.S. 901, 91 S.Ct. 868, 27 L.Ed.2d 800; *Howell v. Burk,* (1977) 90 N.M. 688, 568 P.2d 214; *Harmon v. Angus R. Jessup Associates, Inc.,* (1981) Tenn., 619 S.W.2d 522; *Anderson v. Fred Wagner and Roy Anderson, Jr., Incorporated,* (1981) Miss., 402 So.2d 320. The above cases all emphasized that the owner's control over property and his continuing duty and right to maintain a safe premises for third persons is rationally distinguishable from the duties and rights of builders, whose control and ability to inspect ceases with the completion and acceptance of the building.

Other distinctions between owners and builders have been noted. Architects and

*Overland Construction Company, Inc. v. Sirmons,* (1979) Fla., 369 So.2d 572;
*Fujioka v. Kam,* (1973) 55 Haw. 7, 514 P.2d 568;
*Skinner v. Anderson,* (1967) 38 Ill.2d 455, 231 N.E.2d 588;
*Saylor v. Hall,* (1973) Ky., 497 S.W.2d 218;
*Pacific Indemnity Company v. Thompson-Yaeger, Inc.,* (1977) Minn., 260 N.W.2d 548;

*Loyal Order of Moose, Lodge 1785 v. Cavaness,* (1977) Okla., 563 P.2d 143;
*Broome v. Truluck,* (1978) 270 S.C. 227, 241 S.E.2d 739;
*Kallas Millwork Corporation v. Square D Co.,* (1975) 66 Wis.2d 382, 225 N.W.2d 454;
*Phillips v. ABC Builders, Inc.,* (1980) Wyo., 611 P.2d 821.

engineers are subjected to licensing, educational, and professional standards which provide some measure of protection to the public. *O'Brien v. Hazelet & Erdal,* (1980) 410 Mich. 1, 299 N.W.2d 336. Also, the scope of a builder's liability is often greater than an owner's; he is faced with more potential plaintiffs and more theories of liability. *Freezer Storage, Inc. v. Armstrong Cork Company,* (1978) 476 Pa. 270, 382 A.2d 715.

White and James present additional distinctions. Generally the liability of an owner ceases when he transfers the property. Without the statute, the liability of the builders would continue indefinitely. This would run afoul of the fundamental public policy that liability for past actions should end. They also note that the duration of a builder's liability, once generally terminating when the owner accepted the building, has been expanded in recent years. Further, they argue that, generally, the negligence of builders is not imputed to the owner. An owner is liable only for his own negligence. Finally, they point out that building codes are subject to change, and that in this very case, the glass panel was in code when the school was built.

In our decision we must be ever mindful that we are not engaged in the fabrication or selection of the wisest, or most desirable of a number of possible courses in the common law. We are determining whether Ind.Code 34–4–20–2 is constitutionally flawed. We must answer the question of whether the action of the legislature was reasonable, not arbitrary, and whether the protection furnished to builders rests upon some ground or difference having a substantial relation to the objects of the legislation. *Johnson, supra.* If the answer is yes, it makes no difference whether we agree with the wisdom of the legislature's action.

The reading of the voluminous authorities presented to us in most able briefs by both sides has impressed upon us this fact: the very fury of the debate between the courts of last resort of at least 27 states, as well as some federal courts, militates in favor of the reasonableness of the classification. In view of the fact that so many of the courts in other jurisdictions have upheld the constitutionality of the acts as a permissible classification, it would be intellectual arrogance on our part to classify the act of our own legislature as manifestly unreasonable or arbitrary. We are in an area where reasonable men differ on the wisdom of a law. The arguments presented in the cases upholding the constitutionality of these statutes are equally applicable here. The clear trend of the decisions upholds such statutes. Our own Supreme Court has upheld similar statutes governing products liability and malpractice, and we believe these cases indicate the correct result here.

We are of the opinion that the classification is valid, not arbitrary or unreasonable. It is based on true distinctions between owners and builders that bear a rational relation to the object of the legislation. Materialmen and prefabricators are covered under the products liability statute. *See* Ind.Code 33–1–1.5–1 *et seq.* The owner's basis of liability is not the same as the builder's. An owner remains in control of the property and, by means of ongoing inspections, can discover defects that may appear years after completion. Suits brought many years after an improvement is complete make the builder's defense more difficult. *Howell, supra.* As stated in *Johnson, supra:*

> "The general purpose of a statute of limitation is to encourage prompt presentation of claims. When any alleged tortfeasor is required to defend a claim long after the alleged wrong has occurred, the ability to successfully do so is diminished by reason of dimmed memories, the death of witnesses, and lost documents. As the years between injury and suit increase, so does the probability that the search for truth at trial will be impeded and contorted to the benefit of the plaintiff." (Citation omitted.)

*Id.* at 604.

Therefore, owners and builders are not similarly situated, and a reasonable basis exists for the classification.

*Issue II. Due Process—open courts*

■ Beecher, Spalding, and Hawcreek's secondary argument is that Ind.Code 34–4–20–2 violates the Due Process clause of the Fourteenth Amendment to the Constitution of the United States and the open courts clause of Art. I, § 12[3] of the Constitution of Indiana. The parties concede that the rights protected under the Fourteenth Amendment and Art. I, § 12 are the same, at least for these purposes. They cite *Saylor v. Hall*, (1973) Ky., 497 S.W.2d 218; *Overland Construction Company, Inc. v. Sirmons*, (1979) Fla., 369 So.2d 572; and *Phillips v. ABC Builders, Inc.*, (1980) Wyo., 611 P.2d 821, which have held such statutes as Ind.Code 34–4–20–2 violative of the federal Due Process clause or of open court clauses similar to Indiana's.

However, we believe that these arguments were laid to rest in *Dague.* Ind.Code 33–1–1.5–5, the products liability counterpart to this section, requires an action for damages to be brought within ten years after the delivery of the product to the initial user. The court held there was no right in a plaintiff for the continuation of a common law action which had not vested, and the legislature had the power to alter or abolish it. The court dismissed the "quid pro quo" argument and held that there was no duty to substitute a right or remedy for one taken away. The medical malpractice statute of limitations has survived similar Due Process and open courts challenges. *See Rohrabaugh, supra; Johnson, supra; Nahmias, supra.* We see no difference in the nature of the tortious conduct in those cases which would require a different result in the case at bar. We conclude that Due Process is not denied and Art. I, § 12 is not violated by Ind.Code 34–4–20–2.

For the above reasons this cause is affirmed.

Affirmed.

ROBERTSON, P.J., and RATLIFF, J., concur.

---

**3.** Art. I, § 12 states: "Courts open; Due course of law; Administration of justice... All courts shall be open; and every man, for injury done to him in his person, property, or reputation, shall have remedy by due course of law."