**BERNS CONSTRUCTION CO., INC.
and Shumaker Brothers Industries,
Inc., Defendants-Appellants,**

**v.**

**Arthur R. MILLER and Ruth E. Miller,
Plaintiffs-Appellees.**

**No. 1–1085A245.**

Court of Appeals of Indiana,
First District.

April 16, 1986.

Rehearing Denied May 30, 1986.

Donald D. Levenhagen, Richard R. McDowell, Hill, Fulwider, McDowell, Funk & Matthews, Indianapolis, for Berns Const. Co., Inc.

William M. Osborn, Osborn & Hiner, Indianapolis, for Shumaker Bros. Industries, Inc.

James H. Young, Young & Young, Indianapolis, Charles T. Bate, Soshnick, Bate & Harrold, Shelbyville, for plaintiffs-appellees.

NEAL, Judge.

## STATEMENT OF THE CASE

Defendant-appellants, Berns Construction Co., Inc. and Shumaker Brothers Industries, Inc. (Contractors) present their interlocutory appeals from orders denying their motions for summary judgment in a suit by plaintiff-appellees, Arthur R. Miller and Ruth E. Miller (Millers).

We reverse.

## STATEMENT OF THE FACTS

In August and September, 1982, construction improvements were in progress at the Indianapolis terminal of Yellow Freight Systems in Marion County, Indiana. On September 8, 1982, Arthur Miller allegedly sustained personal injury by falling into an excavation on the premises. Thereafter, on September 5, 1984, Millers filed their original complaint for damages, alleging negligence in the creation of the excavation, against defendants Jungclaus and Campbell Co., Inc., Ermco Co., Inc., Bledsoe & Associates, Inc. and R.E. Griesemer, Inc. Also named as unknown defendants, pursuant to Ind. Rules of Procedure, Trial Rule 17(F), were XYZ Corporation, XYZ Co., and John Doe. On April 12, 1985, more than two years and seven months after the injury, the Millers filed an amended complaint naming Berns Construction Co., Inc. and Shumaker Brothers, Inc. as defendants. All four of the original named defendants were dismissed from the case on summary judgment.

The Contractors, appellants here, filed their motion for summary judgment claiming that the Millers' action was barred by IND. CODE 34-1-2-2(1), a two-year statute of limitation. From a denial of their motions the Contractors appeal.

## ISSUES

The Contractors present three issues for review which we restate into the following:

I. Whether IND. CODE 34-1-2-2(1), a two-year statute of limitation for injuries to person, character or personal property, was supplanted by IND. CODE 34-4-20-2, which requires actions to recover damages against contractors and architects to be filed within ten years from the date of substantial completion of the improvement to real property.

II. Whether the timely filing of a complaint against unknown parties forever tolls the statute of limitation as against persons later identified and added as party defendants pursuant to Ind. Rules of Procedure, Trial Rule 17(F).

## DISCUSSION AND DECISION

Issue I. *Statute of Limitation.*

IND. CODE 34-1-2-2(1) creates a two year statute of limitation for injuries to the person. It commences to run only upon the accrual of the action, that is the injury. IND. CODE 34-4-20, first enacted in 1967, is set forth in its entirety:

34-4-20-1. "As used in this chapter:

(1) 'Person' means any individual, partnership, association, corporation, business trust, joint stock company, or unincorporated organization.

(2) 'Contract' means any contract either oral or written.

(3) 'Tort' means any injury to person or property inflicted other than by mere breach of contract.

(4) 'Date of substantial completion' means the earlier of:

(A) The date upon which construction of an improvement to real property is sufficiently completed, in accordance with a contract of construction (as modified by any additions, deletions, or other amendments) so that the owner of the real property upon which the improvement is constructed can occupy and use the premises in the manner contemplated by the terms of the contract; or

(B) The date of the first beneficial use of the improvement or any portion of the improvement."

34-4-20-2. "No action to recover damages whether based upon contract, tort, nuisance, or otherwise, for:

(a) Any deficiency, or alleged deficiency, in the design, planning, supervision, ·construction, or observation of construction of an improvement to real property;

(b) An injury to property, either real or personal, arising out of any deficiency; or

(c) Injury to the person, or for wrongful death, arising out of any such deficiency; shall be brought against any person who designs, plans, supervises, or observes the construction of, or constructs an improvement to real property, unless the action is commenced within the earlier of ten (10) years from the date of substantial completion of the improvement or twelve (12) years after the completion and submission of plans and specifications to the owner if the action is for deficiency in design."

34-4-20-3. "(a) Notwithstanding section 2 [34-4-20-2] of this chapter, in the event of an injury to a person, or of an injury to a person causing wrongful death, which injury occurs during the ninth or tenth year after substantial completion of an improvement to real property, an action in tort to recover damages for such injury to person or wrongful death may be brought within two (2) years after the date on which the injury occurred, irrespective of the date of death.

(b) However, in no event may such an action be brought more than:

(1) Twelve (12) years after the substantial completion of construction of the improvement; or

(2) Fourteen (14) years after the completion and submission of plans and specifications to the owner if the action is for deficiency in design;

whichever comes first."

34-4-20-4. "The limitation prescribed in this chapter shall not be asserted by way of defense by any person in actual possession or the control of real property, either as owner, tenant or otherwise, upon which an improvement has been made at the time any such deficiency in such improvement constitutes the proximate cause of the injury or wrongful death for which it is proposed to bring an action."

The following are the only Indiana cases which have in any way addressed IND. CODE 34-4-20-1 *et seq: NIPSCO v. Fattore* (1985), Ind.App., 486 N.E.2d 633; *Whitehouse v. Quinn* (1985), Ind., 477 N.E.2d 270; *Beecher v. White* (1983), Ind. App., 447 N.E.2d 622; *Shideler v. Dwyer* (1981), 275 Ind. 270, 417 N.E.2d 281; *Dodd v. Kiefer* (1981), Ind.App., 416 N.E.2d 463; *Great Lakes Co. v. Merril A. Jones & Associates, Inc.* (1980), Ind.App., 412 N.E.2d 257; *Walsh v. Halteman* (1980), Ind.App., 403 N.E.2d 894, *trans. denied; Wagner Construction Co. Inc. v. Noonan* (1980), Ind.App., 403 N.E.2d 1144; and *Luxurious Swimming Pools, Inc. v. Tepe* (1978), 177 Ind.App. 384, 379 N.E.2d 992. Of these cases, only two, *Tepe, supra,* and *NIPSCO, supra,* both third district cases, have addressed the issue presented here. Since we disagree with the holdings in those two cases, it is necessary for us to make an analysis of the subject.

We first summarily dispose of the following above cited cases: *Walsh, supra,* and *Great Lakes Co., supra,* (applying IND.

CODE 34–4–20–2 to causes of action arising out of construction deficiencies filed more than 10 years after construction completion); *Wagner Construction Co., Inc., supra,* (noting that IND. CODE 34–4–20–2 applies to actions based on implied warranty of fitness for habitation claims); *Dodd, supra,* (holding that IND. CODE 34–4–20–2 applies to actions based on products liability claims); and *Beecher, supra,* (upholding the constitutionality of IND. CODE 34–4–20–2). For our specific purposes here, those cases are only tangentially relevant. The remaining four cases, those primarily relied upon by the Millers, are discussed below.

*Tepe, supra,* concerned a swimming pool which was completed by the builder, Luxurious Swimming Pools, Inc., sometime between April and May 1967. Difficulties commenced shortly after completion and continued through 1974. Suit was filed on April 23, 1973, charging breach of express and implied warranties, and negligence. The builder argued that the trial court erred in not applying IND. CODE 34–1–2–2(1), the then six-year statute of limitation for damage to personal property, which commenced to run with the accrual of the action, and the four-year statutes of limitation, IND. CODE 26–1–2–725, and 26–1–2–313, applicable to warranties. Making no analysis, the court of appeals merely stated that IND. CODE 34–4–20–2 applied, and that IND. CODE 34–1–2–2(1) did not. The remaining discussion concerned the applicability of the statute to the design of the improvement. In a footnote answer to the builder's argument that the statute of limitation for warranties applied, the court responded in part as follows:

"Luxurious Pools claims that only the four-year statute of limitations set forth in IC 1971, 26–1–2–725 (Burns Code Ed.) would have been properly applicable to Tepe's action had the court found a breach of any of these warranties. This assumption is erroneous since 34–4–20–2 expressly applies to an:

['']action to recover damages [to real property] whether based upon contract, tort, nuisance *or otherwise,* . . . (our emphasis).'

Therefore, it is the existence of an injury to real property brought about by specified deficiencies, rather than the cause of action under which a recovery for such injury is sought, which governs the applicability of the latter statute."

The Millers cite *Shideler, supra,* and *Whitehouse, supra,* as examples of supreme court approval of *Tepe.* Their reliance is misplaced. Both those cases were legal malpractice cases. In *Shideler* the issue was whether IND. CODE 34–4–19–1, a two-year professional malpractice statute of limitation which commences from the date of the act or omission at issue, or IND. CODE 34–1–2–2, a two-year statute of limitation for injuries to personal property which commences to run upon the accrual of the cause of action (i.e. injury), governed. The court held that IND. CODE 34–4–19–1 applies only to cases of medical malpractice. Legal malpractice however was held to be damage to personal property, a tort, and thus governed by IND. CODE 34–1–2–2. In *Whitehouse* professional employment was commenced by a written contingent fee contract. The plaintiff argued that the action for legal malpractice was based upon contract, and therefore, the 20 year statute of limitation governed. The court reiterated that legal malpractice constitutes damage to personal property, a tort, and the limitation was governed by IND. CODE 34–1–2–2. In both cases the court referred to the analysis that was developed in *Tepe* and utilized in *Shideler.* That analysis was summed up in *Whitehouse,* as follows:

"We held in *Shideler* that the applicable statute of limitations is ascertained by identifying the nature or substance of the cause of action. In doing so we cited with approval *Luxurious Swimming Pools, Inc., v. Tepe,* (1978) 177 Ind.App. 384, 379 N.E.2d 992. In describing the *Tepe* decision, this Court stated in *Shideler:*

'This Court rejected defendant's argument, [that the shorter UCC statute of limitations applied] because the sub-

stance of plaintiff's action was for damages caused by deficiencies in making improvements to real property, and was thus governed by the 10-year period of Ind.Code Sec. 34–4–20–2 (1976):

"* * * [I]t is the existence of an injury to real property brought about by the specified deficiencies, *rather than the cause of action under which a recovery for such action is sought,* which governs the applicability of [this] statute [of limitations]."

(Emphasis added). [*Tepe*] 379 N.E.2d at 955 n. 2.'

Thus, *Shideler* and *Tepe* specifically confirmed that for limitations purposes the substance of a cause of action is ascertained by an inquiry into the nature of the alleged harm and not be [sic] reference to theories of recovery advanced in the complaint. Under this analytical framework, we decided in *Shideler* the particular statutory provision dealing with injuries to personal property prevailed all over other sections of the statute that could conceivably govern Plaintiff's legal malpractice action."

*Whitehouse* at 274.

Thus, in *Whitehouse* the supreme court merely adopted the *Tepe* methodology in selecting the appropriate statute of limitation.

In *NIPSCO, supra,* the defendant, while constructing storm sewers for the Town of St. John on land of third parties, allegedly damaged NIPSCO's transmission facilities. The damage was incurred on October 20, 1981, but suit was not filed by NIPSCO until October 26, 1983. The trial court granted summary judgment based upon the two-year statute of limitation found in IND. CODE 34–1–2–2(1). NIPSCO argued that IND. CODE 34–4–20–2 should govern. In reversing, the third district of the court of appeals, Neal, J., sitting by designation, dissenting, referred to IND. CODE 34–4–20–2 as a special statute of limitation, and stated that it should prevail over IND. CODE 34–1–2–2(1), the more general one. Additionally, the court said that if two stat-

utes of limitation conflict, the longer one should prevail. The majority then stated that IND. CODE 34–4–20–2 should displace IND. CODE 34–1–2–2. The dissent, after stating that casual acts of negligence were not encompassed in IND. CODE 34–4–20–2, argued that this section was intended only to limit the time period within which the builder and architect would remain liable for latent defects when the injury occurred many years later. The dissent concluded that IND. CODE 34–1–2–2(1) was implicitly retained in IND. CODE 34–4–20–2.

A number of cases from other jurisdictions have addressed the problem of whether, in the interplay between statutes such as IND. CODE 34–4–20–2 and IND. CODE 34–1–2–2(1), the IND. CODE 34–4–20–2 type statute should be interpreted as superceding the regular statute of limitation or be interpreted as operating in conjunction with it. Such cases are as follows: *Lamb v. Wedgwood South Corp.* (1983), 308 N.C. 419, 302 S.E.2d 868; *Hupman v. Cook* (4th Cir.1981), 640 F.2d 497 (applying Virginia law); *A.J. Aberman, Inc. v. Funk Building Corp.* (1980), 278 Pa.Super.Ct. 385, 420 A.2d 594; *Smith v. American Radiator and Standard Sanitary Corp.* (1978), 38 N.C.Ct.App. 457, 248 S.E.2d 462; *Benning Construction Co. v. Lakeshore Plaza Enterprises, Inc.* (1977), 240 Ga. 426, 241 S.E.2d 184; *O'Conner v. Altus* (1975), 67 N.J. 106, 335 A.2d 545; *Federal Reserve Bank of Richmond v. Wright* (E.D.Va.1975), 392 F.Supp. 1126 (applying Virginia law); *Grissom v. North American Aviation, Inc.* (M.D.Fla.1971), 326 F.Supp. 465 (applying Florida law); and *Lee v. Fister* (6th Cir.1969), 413 F.2d 1286 (applying Kentucky law).

Since time immemorial, the liability of contractors and architects had terminated with the acceptance of the improvement by the owner. *See* Comment, *Recent Statutory Developments Concerning the Limitations of Actions Against Architects, Engineers, and Builders,* 60 Ky.L.J. 462 (1972). However, in later years, there occurred a drifting away from the "completed and accepted" rule, an abolition of the

privity requirement, and the advent of discovery provisions which resulted in a substantial enlargement of residual liability imposed upon architects and contractors. *See O'Conner, supra; see also MacPherson v. Buick Motor Co.* (1916), 217 N.Y. 382, 111 N.E. 1050. The only limitations which existed were the traditional statutes of limitation which commenced to run upon the accrual of the action, i.e., the injury. The action could therefore accrue many years after construction completion, and after the builders and architects had died, plans had been lost, memories had faded, and codes changed. As the years between the injury and the suit increase, so does the probability that the search for the truth at trial will be impeded, all to the benefit of the plaintiff. Builders and architects were helpless to guard against neglect, abuse, poor maintenance, and inadequate inspection; for that was in the exclusive province of the owner or possessor. *Beecher, supra.* Cases exist where suits were brought against builders and architects as long as 50 years after completion. *See Lamb, supra; Grissom, supra.*

Feeling threatened, various architects and contractors' trade associations sponsored legislation to restrict the time period to a reasonable time in which their residual liability would remain for negligent acts. *See* Annot., 93 A.L.R.3d 1242 (1979). In response thereto 44 "architects and contractors statutes of repose" have been passed by various state legislatures. *See* McGovern, *The Variety, Policy And Constitutionality of Product Liability Statutes of Repose*, 30 Am.U.L.Rev. 579 (1981). These statutes, similar to IND. CODE 34–4–20–2 though varying in specific time limitations and wording, all set maximum limits, generally running from the date of substantial completion of the improvement after which actions against architects and contractors for personal injuries and property damage arising from deficiencies in improvements to real estate could not be brought. *See Lamb, supra; Beecher supra; Benning Construction Co., supra; Grissom, supra; see also* H.R.Rep. No. 370, 91st Cong., 1st Sess. (1969). After

having reviewed these statutes from a historical perspective, it is clear that they were not enacted to benefit plaintiffs such as those in the present case. The only purpose of these statutes is to benefit builders and architects. Nothing in the writings or legislative histories indicates that any of the drafters perceived a need to extend to 10 years the statute of limitation in personal injury cases for suits against builders and architects.

These statutes are statutes of repose constituting a substantive definition of one's rights, rather than a procedural limitation. Because of the unique manner in which they limit the bringing of causes of action, these statutes have been referred to as hybrid statutes of limitation, having potentially both a substantive and procedural effect. On the one hand, the date of the occurrence of the injury is not a factor in the running of the time limitation. The statute acquires its substantive quality by potentially barring a right of action before the injury has occurred if the injury occurs subsequent to the prescribed time period. On the other hand, the statute operates as an ordinary statute of limitation as to events occurring before the expiration of the prescribed time period. *Lamb, supra; Hupman, supra; A.J. Aberman, supra; Lee, supra.* Indeed, *Hupman* and *Lee* stated that insomuch as the statute is substantive, no right exists after the end of the prescribed period. Thus, it is not merely the remedy that is curtailed but the very right to bring a cause of action.

Most cases dealing with these statutes of repose have held that they were not intended to supplant the regular statutes of limitation, but rather were intended to impose a maximum time limit beyond which an action for damages may not be maintained. *Lamb, supra; Hupman, supra; Smith, supra; Benning Construction Co., supra; Federal Reserve Bank of Richmond, supra; Grissom, supra; Lee, supra.* Applying the familiar rule of statutory construction that an apparant conflict between statutes should be reconciled if possible, *see* 26 I.L.E. *Statutes* Sec. 128

(1960), these cases have held that their respective statutes of repose impliedly incorporate the tort limitation statute in that the regular statute of limitation operates to restrict the period in which the actions can be initiated for negligent acts occurring within the maximum time limitation of the statute of repose. Therefore, the statute of repose does not serve to expand the regular statute of limitation but simply provides that the suit must be commenced within the maximum time limit measured from the substantial completion of the improvement to the real property, regardless of when the cause of action accrues. *See Lamb, supra; Hupman, supra; A.J. Aberman, supra; Smith, supra; Benning Construction Co., supra; O'Conner, supra; Federal Reserve Bank of Richmond, supra; Grissom, supra; Lee, supra.*

The statutes involved in the above cited cases are all very similar to IND. CODE 34–4–20–2. As emphasized by the Millers, the Georgia statute cited in *Benning Construction Co., supra,* the Pennsylvania statutes cited in *A.J. Aberman, supra,* and the Kentucky statute recited in *Lee supra,* all contain a provision to the effect that nothing in the act shall be construed as extending the period of limitation for bringing an action or to postpone the time when an action accrues. We regard that provision as merely a precautionary rule of construction to guard against misinterpreting the legislative intent. The other cases arrived at the same conclusion without that precautionary language.

We now return to construe our own statute. In *Dague v. Piper Aircraft Corp.* (1981), 275 Ind. 520, 524, 418 N.E.2d 207, 210, our supreme court discussed rules of construction:

"In construing an Indiana statute, our duty is to ascertain and give effect to the intent of the legislature. In doing so, we must give meaning to the language used, where that meaning is clear and unambiguous. Where the meaning of the statute is ambiguous, however, or where one or more constructions are apparently possible, we must construe the statute so as to arrive at the apparent intention of the legislature which is consistently revealed in all sections of the act, and consistent with all other statutes passed by the legislature."

Other rules of construction were addressed in *Indiana Alcoholic Beverage Commission v. Osco Drugs, Inc.* (1982), Ind.App., 431 N.E.2d 823. The spirit of an enactment will prevail over the letter of the law. *Id.* Statutes relative to the same subject matter are in *pari materia* and should be construed together so as to produce a harmonious system, and in this regard, the court should attempt to give effect to both statutes. *Id.* Nevertheless, where the two statutes are repugnant in any of their provisions the latter statute operates to repeal the former statute to the extent of the repugnancy. *Id.*

Where the language of a statute admits to more than one construction it is proper for the court to consider the consequences of the proposed alternative constructions. *Hamilton v. Huntington* (1945), 223 Ind. 143, 58 N.E.2d 349. The court should endeavor to give an ambiguous statute a practical construction and construe it so as not to permit absurdity, hardship or injustice, but to favor public convenience and public interest. *State v. Rice* (1956), 235 Ind. 423, 134 N.E.2d 219.

■ There is no indication in IND. CODE 34–4–20–2 of a legislative intent to repeal IND. CODE 34–1–2–2(1) as it applies to suits for personal injuries arising out of deficiencies in improvements to real property. As noted above, it was not enacted to aid plaintiffs. We agree with the rationale and conclusions reached in the cited cases from other jurisdictions that both sections are at work and the purpose of IND. CODE 34–4–20–2 is merely to establish a defined time period during which architects and contractors remain residually liable for deficiencies from the construction of improvements to real property. Such a conclusion is the result of a logical progression of thought reached from an historical analysis of the problems and the abuses which the statute was intended to cure. It

is illogical to infer that the legislature intended on the one hand to drastically restrict the time during which such action could be brought, even abolishing in some instances the cause of action before it accrues, and on the other hand, to extend the traditional statute of limitations five fold. It is significant that the owner is excluded from the operation of IND. CODE 34-4-20-2. The very purpose of a statute of limitation is to encourage the prompt presentation of claims. Thus, a contrary holding would fly in the face of traditional aims.

The current legislative trend in the area of limiting causes of actions is to create more restrictive limitations. That trend is reflected in IND. CODE 34-4-20A-5, addressing the products liability field. That section specifically preserves the two year statute of limitation. Likewise, actions for medical malpractice must be brought within two years from the alleged negligent act. *See* IND. CODE 34-4-19-1. In fact, we know of no jurisdiction that provides more than a three year statute of limitation, let alone a 10 year statute of limitation, for any personal injury claim. A further indication that IND. CODE 34-4-20-2 implicitly incorporates IND. CODE 34-1-2-2(1) is the language of IND. CODE 34-4-20-3 which provides that when an injury occurs within the ninth or tenth year following substantial completion of the improvement to real property the plaintiff has two full years to file his suit. That language suggests that the framers of IND. CODE 34-4-20 intended the two year limitation to remain intact and not to be repealed.

Finally a contrary interpretation would create an artificial distinction between classes of plaintiffs without any logical foundation. A classification which is unreasonable, arbitrary, and does not rest on a difference that bears a substantial relation to the object of the legislation is an impermissible classification. *Beecher, supra; Johnson v. St. Vincent Hospital, Inc.* (1980), 273 Ind. 374, 404 N.E.2d 585. All persons similarly circumstanced must be treated alike. *Whitehouse, supra,* a case where the plaintiff urged that because he employed the attorney in question by means of a written contingent fee contract, his malpractice suit was governed by the 20 year statute of limitation concerning actions under contracts, the court addressed the problem of artificial distinctions:

"If we followed Whitehouse's contentions and applied the 20-year statute, as did the Court of Appeals, then it would appear that all actions for injury to personal property or for personal injuries would be governed by the longer statute of limitations merely by reason of the fact that some contractual relationship could be alleged. Litigants, therefore, claiming injuries to person or property which arose from any relationship where the parties had contracted, expressly or impliedly, would be given a greatly extended period to bring their action. This would create an artificial distinction between actions for personal injury or personal property damage by non-contracting parties and those where some contractual relationship could be alleged. We do not see this to be an accurate interpretation of the provisions of the limitations statutes."

*Whitehouse, supra,* at 274.

When a statute of limitation is measured from the injury, as is the case with IND. CODE 34-1-2-2(1), and at that point the cause of action has accrued, no rational reason exists why a plaintiff must file his cause of action against the owner within two years (IND. CODE 34-4-20-4) and yet can wait 10 years to file his cause of action for the same injury against the contractor or architect.

We agree with the rationale and conclusions reached in the cases from the other jurisdictions cited above, and until our supreme court speaks on the matter we respectfully disagree with the third division in their holdings in *NIPSCO, supra,* and *Tepe, supra.*

Issue II. *Relation Back.*

Next, the Millers claim that even if IND. CODE 34-4-20-2 does apply to the amend-

ed complaint, that by naming the contractors as defendants the amended complaint related back to the original complaint which named fictitious unknown XYZ corporations and John Doe defendants.

Three trial rules affect this issue:

(A) Ind. Rules of Procedure, Trial Rule 15(C):

"Relation Back of Amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment:

(1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits; and

(2) knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against him."

(B) Ind. Rules of Procedure, Trial Rule 17(F):

"Unknown Persons. When the name or existence of a person is unknown, he may be named as an unknown party, and when his true name is discovered his name may be inserted by amendment at any time."

(C) Ind. Rules of Procedure, Trial Rule 21(A):

"Effect of Misjoinder and Non-joinder. Misjoinder of parties is not ground for dismissal of an action. Except as otherwise provided in these rules, failure to name another person as a party or include him in the action is not ground for dismissal; but such omission is subject to the right of such person to intervene or of an opposing party to name or include him in the action as permitted by these rules. Subject to its sound discretion and on motion of any party or of its own initiative, the court may order parties dropped or added at any stage of the action and on such terms as are just and will avoid delay. Any claim against a party may be severed and proceeded with separately. Incorrect names and misnomers may be corrected by amendment under Rule 15 at any time."

■ Indiana cases clearly hold that if a new defendant is added by amendment, the amendment must occur prior to the running of the statute of limitation. *Czarnecki v. Lear Siegler, Inc.* (1984), Ind., 471 N.E.2d 299; *Bowling v. Holdeman* (1980), Ind.App., 413 N.E.2d 1010; *Gibson v. Miami Valley Milk Producers, Inc.* (1973), 157 Ind.App. 218, 299 N.E.2d 631, *trans. denied.* The addition of a third party to the lawsuit constitutes a new and independent claim which does not relate back. *Bowling, supra.*

A line of cases exists which permits the addition of an entirely new defendant after the statute of limitations has run, but only if the requirements stated in T.R. 15(C) are met. *Taylor v. Jensen* (1985), Ind.App., 475 N.E.2d 315, *trans. denied; Lamberson v. Crouse* (1982), Ind.App., 436 N.E.2d 104; *Parsley v. Waverly Concrete & Gravel Co.* (1981), Ind.App., 427 N.E.2d 1. The burden of satisfying these conditions rests upon the party seeking relation back. *Conard v. Waugh* (1985), Ind.App., 474 N.E.2d 130; *Lamberson, supra.* There is no relation back where there is a lack of knowledge of the proper party. *Wood v. Worachek* (7th Cir.1980), 618 F.2d 1225.

■ The Millers claim that their John Doe complaint, pursuant to T.R. 17(F), permits a relation back upon a subsequent amendment. This issue was decided adversely to the Millers in *Wojcik v. Almase* (1983), Ind.App., 451 N.E.2d 336, *trans. denied.* The filing of a John Doe complaint can never toll the statute as to a substituted real defendant. *See* 2 W. Harvey *Indiana Practice* Sec. 15.4 at 20 (1986 Supp.). Substitution due to misnomer ap-

plies to a misnomer of the same party, not of a different party. *Gibson, supra.*

The Millers make no attempt to show that in the summary judgment proceeding the conditions for relation back under T.R. 15(C) were met; which is their burden under *Conard, supra.* Therefore, summary judgment was appropriate.

For the above reasons, this cause is reversed and the trial court is directed to enter summary judgment for Berns Construction Co., Inc. and Shumaker Brothers Industries, Inc.

Judgment reversed.

ROBERTSON, P.J., and RATLIFF, J., concur.