JAMES E. SMITH v. AMERICAN RADIATOR & STANDARD SANITARY COR-
PORATION AND W. M. WIGGINS & CO., INC., AND INDUSTRIAL
MAINTENANCE AND MECHANICAL SERVICE, INC.

No. 778SC704

(Filed 7 November 1978)

1. **Process § 13; Rules of Civil Procedure § 4— service on agent of foreign cor-
poration—sufficiency of service**

Service of process upon defendant was valid where certified mail was ad-
dressed to defendant's process agent but was received by another person at
defendant's address since G.S. 1A-1, Rule 4(j)(9)b does not require service by
certified mail to be accomplished only by delivery of process personally to the
addressee; and the return receipt, along with the affidavit of plaintiff's at-
torney, gave rise to an inference that the person who received the summons
and complaint did so on behalf of defendant and that this person was of
reasonable age and discretion so that he could receive mail for defendant.

2. **Limitation of Actions § 4.2— negligence action—faulty plumbing—three year
period of limitation not enlarged**

Though the actions of defendant in altering plumbing while engaged as a
contractor performing a portion of the construction of a textile plant where
plaintiff was employed brought defendant within the provisions of G.S. 1-50(5),
that statute did not extend the time within which plaintiff could bring an ac-
tion against defendant for injuries sustained by plaintiff when a urinal explod-
ed, allegedly the result of defendant's negligence in altering the plumbing,
since G.S. 1-50(5) provides an outside limit of six years "after the performance
or furnishing of such services and construction" of improvements to real prop-
erty for the bringing of an action coming within the terms of that statute, but
within that outside limit G.S. 1-52(5), the three year statute of limitation, con-
tinues to operate. Therefore, plaintiff's action against defendant was barred
where plaintiff's injury occurred on 11 November 1972; plaintiff instituted his
action on 10 November 1975; but the action against defendant was not in-
stituted until plaintiff's amended complaint was filed on 1 September 1976,
more than three years after the injury occurred.

APPEAL by defendant, Industrial Maintenance and
Mechanical Service, Inc., from Smith (David I.), Judge. Order
entered 18 July 1977 in Superior Court, LENOIR County. Heard in
the Court of Appeals 26 May 1978.

Plaintiff instituted this action on 10 November 1975 to
recover for personal injuries sustained by him on 11 November
1972 when a wall urinal which he had just used exploded upon
flushing. The urinal was located in the rest room of a textile plant
where plaintiff was employed as a guard. Plaintiff brought this ac-

tion originally only against American Radiator and Standard Sanitary Corporation and W. M. Wiggins & Co., Inc., alleging that American had manufactured and Wiggins had installed the urinal and alleging claims against each based on negligence and breach of warranty.

After receiving answers to interrogatories, plaintiff sought and received an order dated 1 September 1976 permitting him to amend his complaint to bring in Industrial Maintenance and Mechanical Service, Inc. as an additional party defendant. In his amended complaint plaintiff alleged that Industrial, as a contractor, had performed a portion of the construction work at the plant where plaintiff was employed, that in performing its portion of the contract Industrial had negligently removed an air chamber which had been placed in the plumbing system as a safety feature by the co-defendant, Wiggins, and that by so doing the plumbing system, and particularly the urinals, had been rendered unsafe. Plaintiff alleged that Industrial's negligence was a direct and proximate cause of the explosion and his resulting injuries.

In its answer to plaintiff's complaint, Industrial moved that plaintiff's action against it be dismissed because of insufficiency of service of process and pled the three year statute of limitations contained in G.S. 1-52 as a bar to plaintiff's action. Following a hearing, the court entered an order concluding that there was a valid service of process upon Industrial and that plaintiff's action against this defendant was not barred by the statute of limitation.

Defendant Industrial Maintenance and Mechanical Service, Inc. appeals from this order. Neither of the two original defendants is involved in this appeal.

*Turner and Harrison by Fred W. Harrison for plaintiff appellee.*

*Barden, Stith, McCotter & Stith by Laurence A. Stith and F. Blackwell Stith for defendant appellant Industrial Maintenance and Mechanical Service, Inc., appellant.*

PARKER, Judge.

[1] Appellant's first contention is that the trial court erred in its conclusion that there was a valid service of process. Pursuant to G.S. 1A-1, Rule 4(j)(9)b, plaintiff attempted service upon appellant

by certified mail, return receipt requested. The mail was addressed to "Mr. John E. Mickler, Process Agent, Industrial Maintenance & Mechanical Service." The certified mail receipt shows that process was received by Bill Ballyer. Appellant contends that service was defective because the summons and complaint were received by Bill Ballyer rather than by the addressee and process agent, Mr. John E. Mickler. We find the service valid.

Rule 4(j)(9)b does not require service by certified mail to be accomplished only by delivery of process personally to the addressee. The rule requires only that the certified mail "be delivered to the address of the party to be served and that a person of reasonable age and discretion receive the mail and sign the return receipt on behalf of the addressee." *Lewis Clarke Associates v. Tobler*, 32 N.C. App. 435, 438, 232 S.E. 2d 458, 459 (1977). The return receipt, along with the affidavit of plaintiff's attorney, gives rise to an inference that the summons and complaint were delivered to Bill Ballyer at the appellant's address, that Bill Ballyer received the summons and complaint on behalf of the appellant, and that Bill Ballyer was a person of reasonable age and discretion authorized to receive mail for the appellant. This inference creates a rebuttable presumption that the service is valid. *In re Cox*, 36 N.C. App. 582, 244 S.E. 2d 733 (1978). Appellant has made no attempt to rebut this presumption. Therefore, the service has not been shown to be defective merely because Bill Ballyer received the summons and complaint addressed to Mr. John E. Mickler. Appellant's first assignment of error is overruled.

Appellant's remaining assignment of error is directed to the trial court's conclusion that plaintiff's action against appellant is not barred by the statute of limitation. The immediate appealability of a pretrial order rejecting a party's contention that the action against him is barred by a statute of limitation may be subject to question. However, since appellant in this case was entitled to an immediate appeal from the court's order concluding that there was a valid service of process and that the court had therefore acquired jurisdiction over the appellant, G.S. 1-277(b), the entire case is before us, and we will consider plaintiff's assignment of error relating to its defense of the statute of limitation. *Sharpe v. Pugh*, 270 N.C. 598, 155 S.E. 2d 108 (1967).

[2]   Plaintiff's injuries occurred on 11 November 1972, and his cause of action to recover for those injuries accrued on that date. Plaintiff instituted this action against the two original defendants on 10 November 1975, within the three-year statute of limitation provided in G.S. 1-52(5) for actions to recover for injury to the person. However, this action was not instituted against the appellant until plaintiff's amended complaint was filed on 1 September 1976, more than three years after the injury occurred. Although plaintiff's action as to the appellant falls outside the three-year limit provided by G.S. 1-52(5), the trial court concluded that the limitation period applicable to plaintiff's claim against appellant is the period set forth in 1-50(5), which provides:

> No action to recover damages for an injury to property, real or personal, or for an injury to the person, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property, nor any action for contribution or indemnity for damages sustained on account of such injury, shall be brought against any person performing or furnishing the design, planning, supervision of construction or construction of such improvement to real property, more than six (6) years after the performance or furnishing of such services and construction. This limitation shall not apply to any person in actual possession and control as owner, tenant or otherwise, of the improvement at the time the defective and unsafe condition of such improvement constitutes the proximate cause of the injury for which it is proposed to bring an action.

Appellant contends that G.S. 1-50(5) does not apply to it because it was not "performing or furnishing the design, planning, supervision of construction or construction of such improvement to real property." We do not read the statute so narrowly. Admittedly, there is no allegation that appellant installed the urinal in question. The allegations of plaintiff's amended complaint do show, however, that appellant, while engaged as a contractor performing a portion of the construction of the Guilford National Textile Plant where plaintiff was employed, "removed and altered certain construction work and materials performed and placed upon the job by other contractors—including but not limited to an air chamber placed in the plumbing system by the codefendant (W. M. Wiggins & Co., Inc.)." According to plaintiff's allegations,

the alterations made to the plumbing system by the appellant caused the urinal to explode when it was flushed. These allegations are sufficient to show that appellant was "performing or furnishing the . . . supervision of construction or construction of such improvement to real property," as those words are employed in G.S. 1-50(5).

Having decided that appellant's activities bring it within the provisions of G.S. 1-50(5), the question remains as to the effect of that statute upon plaintiff's cause of action. Stated differently, the question is whether G.S. 1-50(5) serves to *extend* the time within which an action may be brought or whether it sets an outside limit within which the applicable statute of limitation, in this case the three year statute contained in G.S. 1-52(5) continues to operate. This question has not yet been decided by the appellate courts of this State. Necessarily, therefore, we turn for guidance to decisions by courts of other jurisdictions.

Statutes similar to, and in many cases identical with, our statute G.S. 1-50(5) have been adopted in a large number of jurisdictions. *See*, Comment, *Limitation of Action Statutes for Architects and Builders—Blueprint for Non-action*, 18 Cath. U.L. Rev. 361 (1969). Because of their unique manner of limiting actions, these statutes have been referred to as "hybrid" statutes of limitations, having potentially both a substantive and a procedural effect. On the one hand, the date of injury is not a factor used in computing the running of the time limitation. The statute thus acquires its substantive quality by barring a right of action even before injury has occurred if the injury occurs subsequent to the prescribed time period. On the other hand, the statute's operation is similar to that of an ordinary statute of limitations as to events occurring before the expiration of the prescribed time period. Whether in such case the statute is to be interpreted as replacing entirely the statute of limitation which would otherwise be applicable or is to be interpreted as operating in conjunction with such other statute, is the principal question presented by this appeal. Courts of other States which have confronted this problem have held that the two statutes should be interpreted as operating in conjunction with each other.

New Jersey has a statute, N.J.S.A. 2A: 14-1.1, which in all material respects is identical to our G.S. 1-50(5) except that the

time limit is set at ten years after the performance or furnishing of such services or construction instead of six years as provided in our statute. The New Jersey statute of limitation generally applying to all personal injury actions, N.J.S.A. 2A: 14-2, provides that action must be brought within two years after the date of the injury. Discussing the interplay of these statutes, the Supreme Court of New Jersey in *O'Connor v. Altus*, 67 N.J. 106, 335 A. 2d 545 (1975) said:

> As do many of its counterparts in other states, N.J.S.A. 2A: 14-1.1 impliedly incorporates the tort limitation act generally applying to all personal injury actions. See Comment, *supra* at 385-86. Hence, this state's two-year statute of limitations, N.J.S.A. 2A: 14-2, does operate to restrict the period in which actions can be initiated for accidents occurring within ten years after construction; but it does not serve to extend beyond ten years from the date construction was completed the time within which suit may be filed.

> For example, an action for personal injuries sustained by an adult in an accident occurring, say, five years after the completion of construction still must be brought within two years thereafter — or seven years after construction. This statute does not preserve the remedy, in that instance, for an additional five years or until the full ten years from construction has elapsed. As indicated, both the two-year and ten-year statutes are at work in that situation. The latter does not expand the two-year period of the personal injury statute. It simply provides that in any event the suit must be started within ten years of the construction, regardless of when the cause of action accrues. The two-year period of N.J.S.A. 2A: 14-2 controls to the extent that it "fits" within the ten years. So, with any injury to an adult occurring after the eighth year following construction, the action must be brought within whatever part of the ten-year span remains even though it is necessarily less than two years. In that circumstance the two-year period is "compressed" into some shorter period by operation of the ten-year statute. *But cf.* Comment, *supra* at 372. Had the legislature intended otherwise, it would likely have referred to an accident or accrual of a cause of action within ten years of construction rather than prohibiting the bringing of suit beyond that time.

67 N.J. at 122-23, 335 A2d at 553.

Virginia had a statute, Va. Code § 8-24.2 (subsequently amended and recodified as § 8.01-250), which was also in all material respects identical to our G.S. 1-50(5), except that the time limit was set at five years after the performance or furnishing of such services and construction instead of six years as provided in our statute. The Virginia statute of limitation generally applying to all personal injury actions, Va. Code § 8-24, provided that such actions must be brought within two years next after the right to bring the same shall have accrued. Discussing the Virginia statute § 8-24.2, the Supreme Court of Virginia in *Comptroller of Virginia ex rel Virginia Military Institute v. King*, 217 Va. 751, 232 S.E. 2d 895 (1977), said:

> That statute sets an outside limit within which the applicable statutes of limitation operate. Its purpose is not to extend existing limitation periods, such as the two-year period applicable to personal injury actions, but to establish an arbitrary termination date after which no litigation of the type specified may be initiated. *See O'Connor v. Altus*, 67 N.J. 106, 335 A.2d 545 (1975); *Federal Reserve Bank of Richmond v. Wright*, 392 F. Supp. 1126 (E.D. Va. 1975). We will assume, without deciding that the statute was correctly construed in *Federal Reserve Bank of Richmond* to require that actions arising from defective and unsafe condition of improvements to real property be brought within five years after the completion of construction, and is not fatally defective on constitutional grounds. *See Rosenthal v. Kurtz*, 62 Wis. 2d 1, 213 N.W. 2d 741, *reh. den.*, 62 Wis. 2d 1, 216 N.W. 2d 252 (1974).

217 Va. at 758, 232 S.E. 2d at 899.

Two Federal District Courts have agreed with the result reached by the Supreme Courts of New Jersey and of Virginia. *Federal Reserve Bank of Richmond v. Wright*, 392 F. Supp. 1126 (E.D. Va. 1975) (interpreting the Virginia statute), and *Grissom v. North American Aviation, Inc.*, 326 F. Supp. 465 (M.D. Fla. 1971) (interpreting the Florida statute, § 95.11(10), F.S.A. as it read prior to the 1974 amendment which substantially rewrote § 95.11; the Florida statute differs from N.C. G.S. 1-50(5) but the reasoning of the *Grissom* court is applicable here.)

Following the interpretation placed upon the statute by the Supreme Courts of New Jersey and Virginia, we hold that G.S. 1-50(5) is to be interpreted in conjunction with G.S. 1-52(5) so that both statutes may be given effect. So interpreted, G.S. 1-50(5) provides an outside limit of six years "after the performance or furnishing of such services and construction" of improvements to real property for the bringing of an action coming within the terms of that statute. Within that outside limit, G.S. 1-52(5) continues to operate and G.S. 1-50(5) does not serve to extend the time for bringing an action otherwise barred by the three year statute. In the present case, plaintiff's action against the appellant, Industrial Maintenance and Mechanical Service, Inc., was commenced more than three years after his action accrued, and the action as against this defendant is barred by G.S. 1-52(5).

We do not express an opinion on the constitutionality of G.S. 1-50(5) because that issue is not raised in this case. In cases in which that issue has been raised, courts of other jurisdictions considering statutes similar to G.S. 1-50(5) have arrived at conflicting conclusions. *Compare Fujioka v. Kam*, 55 Haw. 7, 514 P. 2d, 568 (1973); *Skinner v. Anderson*, 38 Ill. 2d 455, 231 N.E. 2d 588 (1967); *Loyal Order of Moose, Lodge 1785 v. Cavaness*, 563 P. 2d, 143 (Okla. 1977); *Kallas Millwork Corporation v. Square D Co.*, 66 Wis. 2d 382, 225 N.W. 2d 454 (1975) *with Carter v. Hartenstein*, 248 Ark. 1172, 455 S.W. 2d 918 (1970); *Reeves v. Ille Electric Company*, 551 P. 2d 647 (Mont. 1976); *Rosenberg v. Town of North Bergen*, 61 N.J. 190, 293 A. 2d 662 (1972); *Yakima Fruit & Cold Storage Co. v. Central Heating & Plumbing Co.*, 81 Wash. 2d 528, 503 P. 2d 108 (1972). We hold only that the trial court erred in this case in failing to sustain the appellant's plea of the bar of the three year statute of limitations.

For the foregoing reason, the order appealed from is

Reversed.

Judges HEDRICK and MITCHELL concur.