HERBERT DEAN BOUDREAU v. MILO BAUGHMAN AND MILO BAUGHMAN
DESIGN, INC.

No. 8721SC42

(Filed 16 June 1987)

**1. Rules of Civil Procedure § 15.1— amendment of answer to assert statute of limitations—no abuse of discretion**

    In an action in North Carolina arising from a cut suffered by plaintiff in Florida on an allegedly defective chair designed and manufactured in North Carolina, the trial court did not abuse its discretion by allowing defendant to amend its answer to add the defense of the statute of limitations where plaintiff chose the forum and was charged with knowledge of the N.C. statutes that could or would bar his action; plaintiff had access to information about the time and place of the purchase of the chair; defendant had no knowledge of the time or place of the purchase until plaintiff's deposition on 18 June 1986; and defendant filed the motion to amend on 30 July 1986. It could not be said that plaintiff was unfairly surprised by defendant's amendment or that there was bad faith or dilatory tactics by defendant.

**2. Courts §§ 21.1, 21.3— products liability action—design and manufacture in North Carolina—injury in Florida—North Carolina statute of repose**

    The trial court correctly concluded that North Carolina's statutes of repose barred plaintiff's products liability claim arising from an injury to plaintiff's foot suffered on a sharp metal surface on the bottom of a chair designed and manufactured in North Carolina where the last act in the design of the chair was in 1967; the chair was purchased in Florida in 1979; the injury occurred in Florida in 1982; and the action was filed in North Carolina in 1985. Although the substantive law of Florida controls the claim, the Florida statute relied upon by plaintiff has been amended to eliminate the twelve year statute of repose; both the defendants and the events giving rise to the cause of action have a significant relationship to North Carolina; plaintiff brought his action in North Carolina; and the public policy of North Carolina is to protect North Carolina manufacturers and designers as well as the North Carolina courts from stale claims based on injuries occurring long after the purchase of the allegedly defective product. N.C.G.S. § 1-50(6), N.C.G.S. § 1-52(16).

APPEAL by plaintiff from *DeRamus, Judge.* Order entered 8 September 1986 in Superior Court, FORSYTH County. Heard in the Court of Appeals 3 June 1987.

On 5 March 1985, plaintiff filed a complaint naming as defendant, in both an individual and corporate capacity, the designer of an upholstered swivel-tilt "tub" chair, the back and sides of which were made of chrome-plated veneer bonded to a bent plywood frame. The complaint alleged that plaintiff was a guest in a friend's condominium in West Palm Beach, Florida, on 7 March

1982 and that during his stay in the condominium, plaintiff injured his foot on a sharp metal surface on the bottom of the chair. In four separate counts, plaintiff claimed that defendant was liable for the negligent design of the chair, for breach of the implied warranty of merchantability, for breach of the implied warranty of fitness for a particular purpose, and strictly liable for designing and injecting into the stream of commerce an inherently dangerous, defective chair. Plaintiff claimed damages in the amount of two hundred thousand dollars plus punitive damages in the amount of two hundred thousand dollars. In a timely-filed answer, defendant denied the material allegations of the complaint and asserted various defenses. Thereafter, on 24 June 1986, defendant moved the court for summary judgment.

On 3 July 1986, eleven days before trial was scheduled to commence, defendant filed a motion to amend the answer in order to add the defense that plaintiff's claim was barred by the applicable statute of limitations. On 14 July 1986, the trial court allowed defendant's motion to amend and plaintiff's oral motion to continue the case. The court subsequently denied plaintiff's motion asking the court to reconsider its order allowing defendant's motion to amend the answer. On 8 September 1986, the trial court granted defendant's motion for summary judgment, dismissing with prejudice all counts of plaintiff's complaint. Plaintiff appealed.

*Faison, Brown, Fletcher and Brough, by O. William Faison, Timothy C. Barber, and Jane T. Friedensen, for plaintiff-appellant.*

*Hutchins, Tyndall, Doughton and Moore, by Richard Tyndall, H. Lee Davis, Jr., and Catherine C. Williamson, for defendant-appellees.*

PARKER, Judge.

In this appeal, plaintiff assigns as error the trial court's order allowing defendant's motion to amend the answer as well as the court's denial of plaintiff's motion to reconsider this order. Plaintiff also assigns as error the trial court's order granting summary judgment for defendant. For the reasons that follow, we find no error, and therefore, affirm.

A threshold issue as to each of plaintiff's assignments of error is what law should govern the trial court's determination. The record reveals the following facts: the individual defendant is a resident of North Carolina; the corporate defendant is a North Carolina corporation with its principal place of business in Winston-Salem, North Carolina; defendant designed the allegedly defective chair in North Carolina; the chair was manufactured in North Carolina by a High Point furniture manufacturer; an individual named Howard Berg purchased the allegedly defective chair in North Palm Beach, Florida; plaintiff, a resident of Massachusetts, alleges he was injured by the chair in Berg's condominium in West Palm Beach, Florida.

The general rule in North Carolina for cases involving a conflict of laws is that the *lex loci*, or law of the situs of the claim, determines the substantive rights of the parties, while the *lex fori* governs matters of remedy and procedure. *Charnock v. Taylor*, 223 N.C. 360, 26 S.E. 2d 911, 148 A.L.R. 1126 (1943). However, it is well established that " 'foreign law or rights based thereon will not be given effect or enforced if opposed to the settled public policy of the forum.' " *Davis v. Davis*, 269 N.C. 120, 125, 152 S.E. 2d 306, 310 (1967) (citations omitted).

**[1]** Plaintiff's first two assignments of error are based on the trial court's order allowing defendant to amend the answer. In considering these contentions, we apply North Carolina law because the *lex fori* governs the rules of pleading. *Motor Co. v. Wood*, 237 N.C. 318, 75 S.E. 2d 312 (1953).

Rule 15(a) of the North Carolina Rules of Civil Procedure provides the following in relevant part:

> A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 30 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

A ruling on a party's motion to amend a pleading, where leave of court is required, is addressed to the sound discretion of the trial

judge. *Mauney v. Morris*, 316 N.C. 67, 340 S.E. 2d 397 (1986). Such leave should be freely given unless the opposing party can establish it will be materially prejudiced by the amendment. *Id.* The ruling of the trial judge allowing leave to amend will not be reversed on appeal absent a showing of abuse of discretion. *Id.*

Although at the time defendant moved to amend the answer, plaintiff's claim may have been barred by the Florida four-year statute of limitations, Fla. Stat. Ann. § 95.11(3) (West 1982), plaintiff, not defendant, chose the forum. Plaintiff had access to information about the time and place of the purchase of the chair, and was charged with knowledge of the North Carolina statutes that could or would bar his action against defendant in North Carolina. According to defendant's brief, defendant had no knowledge concerning the time or place of the purchase of the allegedly defective chair until plaintiff's deposition on 18 June 1986. Thereafter, on 3 July 1986, defendant filed the motion to amend the answer in order to plead the bar of the statute of limitations.

Based on the facts as they appear in the record, we cannot say that plaintiff was unfairly surprised by defendant's amendment nor that there was bad faith or dilatory tactics on the part of defendant. Therefore, we cannot say that the trial court judge abused his discretion in allowing defendant leave to amend the answer. For the same reasons, the trial court did not err in denying plaintiff's motion to reconsider the order allowing leave to amend. These assignments of error are overruled.

[2] In his final assignment of error, plaintiff contends that the trial court erred in granting summary judgment for defendant. This contention is without merit.

The North Carolina Rules of Civil Procedure, which govern the procedural aspects of plaintiff's claim, *see Charnock, supra,* provide that summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." G.S. 1A-1, Rule 56(c). A fact is material if it constitutes a legal defense, such as the bar of an applicable statute of limitations. *Pembee Mfg. Corp. v. Cape Fear Constr. Co.,* 313 N.C. 488, 491, 329 S.E. 2d 350, 353 (1985).

In the case before us, defendant has raised the defense that plaintiff's claims are barred by the statute of limitations. Once the statute of limitations is properly pleaded by a defendant, the burden falls upon plaintiff to offer a forecast of evidence showing that the action was instituted within the permissible period after the accrual of the cause of action. *Pembee Mfg. Corp.*, 313 N.C. at 491, 329 S.E. 2d at 353. Where the statute of limitations is properly pleaded and the relevant facts are not in conflict, whether plaintiff's action is barred becomes a question of law, and summary judgment may be appropriate. *Id.*

The record shows, and it is undisputed, that the allegedly defective chair was purchased on 26 January 1979 and delivered to Howard Berg on 31 January 1979. Plaintiff alleges in his complaint that he was injured by the chair on or about 7 March 1982. Plaintiff filed his complaint on 5 March 1985.

Statutes of limitations are considered procedural, affecting only the remedy and not the right to recover; therefore, the statute of limitations of the forum state will govern actions filed in the courts of that state. *Sayer v. Henderson*, 225 N.C. 642, 35 S.E. 2d 875 (1945). Plaintiff in the case before us filed within the three-year limitations period applicable in North Carolina to actions for personal injury, G.S. 1-52(16). However, defendant contends that plaintiff's claim is barred by G.S. 1-50(6), which provides the following:

> No action for the recovery of damages for personal injury, death or damage to property based upon or arising out of any alleged defect or any failure in relation to a product shall be brought more than six years after the date of initial purchase for use or consumption.

The record also contains unrefuted evidence that defendant's last act or omission relating to the design of the allegedly defective chair occurred in 1967. Therefore, defendant argues that plaintiff's claim is also barred by G.S. 1-52(16), which provides that "no cause of action [for personal injury] shall accrue more than 10 years from the last act or omission of the defendant giving rise to the cause of action." In response to these arguments, plaintiff contends that G.S. 1-50(6) and 1-52(16) are not procedural statutes of limitations, which run from the time the claim accrued, but are substantive statutes of repose that run from a time unrelated to

the accrual of the claim and may potentially extinguish the right itself, and not merely the remedy. Plaintiff argues that since the substantive law of Florida controls his action for personal injury, the North Carolina statutes of repose are inapplicable. We do not agree.

We first note that because of questions as to its constitutionality, *see, e.g., E. R. Squibb and Sons, Inc.*, 397 So. 2d 671 (Fla. 1981), Fla. Stat. Ann. § 95.031(2) has been amended to eliminate the Florida twelve-year statute of repose that plaintiff contends is applicable to his claim. *See* Fla. Stat. Ann. § 95.031(2) (West Supp. 1987). Moreover, although the courts in this State have recognized the substantive aspect of our statutes of repose, *see Bolick v. American Barmag Corp.*, 306 N.C. 364, 293 S.E. 2d 415 (1982); *Bernick v. Jurden*, 306 N.C. 435, 293 S.E. 2d 405 (1982); *Smith v. Sanitary Corp.*, 38 N.C. App. 457, 248 S.E. 2d 462 (1978), *disc. rev. denied*, 296 N.C. 586, 254 S.E. 2d 33 (1979), *overruled on other grounds, Love v. Moore*, 305 N.C. 575, 291 S.E. 2d 141 (1982), application of these statutes has not been decided in the choice of laws context. In *Bernick, supra*, relied on by plaintiff, the decision whether to apply North Carolina or Massachusetts substantive law pertained to the application of G.S. 25-1-105 and 25-2-318; the discussion of G.S. 1-50(6) related only to the retroactive application of the statute. In our view, neither *Bolick, supra*, nor *Bernick, supra*, is determinative of this case.

The issue of whether a claim for personal injury, not barred by the statute of limitations in the situs state, may be brought in a state where the plaintiff's right is barred by a statute of repose is not settled. *See* 68 A.L.R. 217 (1930); 146 A.L.R. 1356 (1943). *See also* Restatement (Second) of Conflict of Laws § 143 comment c (1971). As noted in *Smith, supra*, statutes of repose are " 'hybrid' statutes of limitations, having potentially both a substantive and a procedural effect." 38 N.C. App. at 461, 248 S.E. 2d at 465. The modern approach to choice of law problems, where there is no clear statutory directive, is to apply the law of the state with the most significant relationship to the law choice. Factors to be considered by the courts in making such determinations include:

(a) the needs of the interstate and international systems,

(b) the relevant policies of the forum,

(c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,

(d) the protection of justified expectations,

(e) the basic policies underlying the particular field of law,

(f) certainty, predictability and uniformity of result, and

(g) ease in the determination and application of the law to be applied.

Restatement (Second) of Conflict of Laws § 6(2) (1971).

In *Tieffenbrun v. Flannery*, 198 N.C. 397, 151 S.E. 857, 68 A.L.R. 210 (1930), our Supreme Court addressed the issue of what law governs when a limitations statute bars the right, not merely the remedy. There, plaintiff's husband had been struck and killed in Miami, Florida, by an automobile owned and operated by defendant, a North Carolina resident. More than one year but less than two years after the incident, plaintiff filed a wrongful death claim against defendant in North Carolina. The Florida statute of limitations for wrongful death actions was two years; the North Carolina wrongful death statute, C.S., 160, required that a wrongful death action be brought within one year of the death or the right of action would be lost. After carefully reviewing the decisions on this issue in other states, our Supreme Court concluded:

> All statutes of limitations are essentially time clocks, and while C.S., 160, has been construed as a condition annexed to the cause of action, it is also a time limit to the procedure. At all events, it is a legislative declaration of the policy of this State, providing in express and mandatory language that no action for wrongful death shall be asserted in the courts of this State after the expiration of one year from the time of death. Certainly, it is not to be supposed that the legislative department intended to confer upon nonresidents more extensive rights in the courts than accorded to citizens of this State.

*Tieffenbrun*, 198 N.C. at 404, 151 S.E. at 861, 68 A.L.R. at 217.

Boudreau v. Baughman

In light of the factors listed in the Restatement, *supra*, and the policy considerations enunciated by our Supreme Court in *Tieffenbrun, supra*, we hold that the North Carolina statutes of repose, G.S. 1-50(6) and G.S. 1-52(16), apply in this case. In the instant case, both defendants and the events giving rise to the cause of action have a significant relationship to North Carolina, and plaintiff has brought his action in North Carolina. Filing within the time limit prescribed by a statute of repose is a condition precedent to bringing the action, and plaintiff's failure to file within the prescribed time gives defendant a vested right not to be sued. *Colony Hill Condominium I Assoc. v. Colony Co.*, 70 N.C. App. 390, 394, 320 S.E. 2d 273, 276 (1984), *disc. rev. denied*, 312 N.C. 796, 325 S.E. 2d 485 (1985). Once the time limit has expired, defendant is effectively "cleared" of his wrongdoing. *Id.* In finding constitutional a statute of repose similar to the ones here at issue, our Supreme Court has recognized the authority of the legislature to enact such limitations, stating, " '[T]he General Assembly is the policy-making agency of our government, and when it elects to legislate in respect to the subject matter of any common law rule, the statute supplants the common law rule and becomes the public policy of the State in respect to that particular matter.' " *Lamb v. Wedgewood South Corp.*, 308 N.C. 419, 444, 302 S.E. 2d 868, 882 (1983) (citations omitted). As G.S. 1-50(6) and 1-52(16) make clear, the public policy of this State is to protect North Carolina manufacturers and designers as well as the North Carolina courts from stale claims based on injuries occurring long after the purchase of the allegedly defective product and long after a defendant participated in its manufacture or design. Therefore, the trial court correctly concluded that plaintiff's claim was barred by North Carolina's statutes of repose.

For the reasons stated above, the order of the trial court granting defendant's motion for summary judgment is

Affirmed.

Judges ARNOLD and JOHNSON concur.