399 S.E.2d 868

**Emogene Peaslee SHIRKEY and David Shirkey**

v.

**Harold MACKEY, d/b/a Mackey Contractors.**

**No. 19558.**

Supreme Court of Appeals of West Virginia.

Nov. 29, 1990.

C. Elton Byron, Jr., Abrams, Byron, Henderson & Richmond, Beckley, for Emogene Peaslee Shirkey and David Shirkey.

James M. Brown, File, Payne, Scherer & Brown, Beckley, for Harold Mackey.

BROTHERTON, Justice:

The appellants, Emogene Peaslee Shirkey and David Shirkey, appeal from the June 14, 1989, order of the Circuit Court of Raleigh County, West Virginia, which granted summary judgment in favor of the appellee, Harold Mackey, d/b/a Mackey Contractors, and dismissed the appellants' action on the ground that the ten-year statute of limitations contained in W.Va.Code § 55–2–6a (1983) had run.

On March 10, 1976, Harold Mackey purchased a lot in Morgan Hills Subdivision in Raleigh County from Blackburn–Patteson Realty. Mr. Mackey built a home on the property and sold it to Clyde and Delores Ingram on September 16, 1976. The Ingrams sold the property to Robert and Emogene Peaslee on December 19, 1978. The Peaslees subsequently divorced, however, and by deed dated October 12, 1979, Robert Peaslee conveyed his one-half undivided interest in the property to Emogene Peaslee, who later married David Shirkey.

On August 8, 1988, the Shirkeys filed suit against Harold Mackey, d/b/a Mackey Contractors, seeking damages for negligence and "breach of [an] implied warranty of habitability and fitness for the use of said premises as a family home." The appellants alleged that in March, 1988, they discovered a latent defect in the construction of the home. Specifically, the Shirkeys claimed to have determined that the home was built on organic fill material[1] containing tree roots, stumps, and limbs which was not properly compacted and that as a result, the home "has settled, cracked and been damaged to such an extent" that future expenses to repair, rebuild, and replace would amount to $25,000. Citing depreciation in the value of the property of $25,000 and "loss of use and enjoyment," "great mental anguish," and "embarrassment and inconvenience" for which they sought "reasonable compensation," the Shirkeys demanded judgment against Mr. Mackey in the amount of $75,000, plus interest, costs, and reasonable attorney fees.

On February 14, 1989, the appellee filed a motion for summary judgment, arguing that the complaint failed to state a cause of action; that there was a lack of privity between the contractor and the subsequent owners; and that the entire cause of action was barred by the statute of limitations contained in W.Va.Code § 55–2–6a. Following the arguments of counsel and the filing of supporting memoranda by the parties, the Circuit Court of Raleigh County granted the appellee's motion for summary judgment, finding that the appellants filed suit outside of the time period provided by W.Va.Code § 55–2–6a and that the "discovery rule" had no application to the facts of this case or to W.Va.Code § 55–2–6a. For the reasons discussed below, we affirm the order of the Circuit Court of Raleigh County.

Commonly referred to as an "architects and builders statute," W.Va.Code § 55–2–6a limits the time within which actions can be brought against architects,

---

1. The Shirkeys initially reported severe settling problems to the West Virginia State Department of Energy in the spring of 1987. The H.C. Nutting Company was employed to conduct a subsurface investigation of possible mine subsidence. However, the company concluded that mine subsidence was not the cause of the severe settling of the Shirkey residence. A year later, the H.C. Nutting Company was again employed, along with another engineering firm, to determine the exact cause of the Shirkeys' settling problem. Both firms concluded that the home had been built on organic fill material.

engineers, and others in the construction industry who are responsible for "the planning, design, surveying, observation or supervision of any construction or the actual construction of any improvement to real property." *Basham v. General Shale*, 180 W.Va. 526, 377 S.E.2d 830, 833 (1988). Specifically, the statute provides, in part, that "[n]o action, whether in contract or in tort, for indemnity or otherwise ... may be brought more than ten years after the performance or furnishing of such services or construction...."

The appellants contend that if the ten-year statute of limitations is applied in this case, they are "powerless to protect themselves" and thus, they urge that this Court do what the lower court would not and apply the "discovery rule" to the facts of this case. The discovery rule "is an exception to a statute of limitations which delays the running of the statute until such time as the plaintiff knew, or reasonably should have known, of the injury and its cause." *Id.* 180 W.Va. at 531, 377 S.E.2d at 835.

Although we had previously applied the discovery rule to products liability tort actions in *Hickman v. Grover*, 178 W.Va. 249, 358 S.E.2d 810 (1987), we declined to extend its application to the type of case presented by the petitioners in *Basham*, stating that:

> [W]here the only loss suffered is an economic loss, as in the case of losses which are associated with a "bad bargain," the injured party must pursue the remedies provided in the Uniform Commercial Code, subject to the statute of limitations contained therein. We will not circumvent the Uniform Commercial Code's remedial scheme by applying the discovery rule to a contract action in a manner not prescribed by the Code.

*Basham*, 180 W.Va. at 531, 377 S.E.2d at 835. Like the petitioners in *Basham*, the appellants in the case now before us have alleged both tort and contract causes of action. Once again, however, we cannot extend the discovery rule to apply to the facts of this case.

To apply the discovery rule under facts such as these would negate the entire purpose of the architects and builders statute. West Virginia Code § 55–2–6a explicitly states that "*[n]o action, whether in contract or in tort ... may be brought more than ten years after the performance or furnishing of such services or construction.... The period of limitation ... shall not commence until the improvement to the real property in question has been occupied or accepted by the owner of the real property, whichever occurs first.*" (Emphasis added.)

In discussing the purpose of architects and builders statutes, other courts have noted that it is only through the straightforward application of a given limitation period, regardless of the date of injury, that the statutes acquire a "substantive quality." For example, in *Lamb v. Wedgewood South Corp.*, 308 N.C. 419, 302 S.E.2d 868, 872 (1983), the court noted an opinion in which its court of appeals discussed the statute:

> [T]he date of injury is not a factor used in computing the running of the time of limitation. The statute thus acquires its substantive quality by barring a right of action even before injury has occurred if the injury occurs subsequent to the prescribed time period.[2]

In *Comptroller of Virginia ex rel. Virginia Military Institute, etc. v. King*, 217 Va. 751, 232 S.E.2d 895 (1977), the Virginia Military Institute (V.M.I.) filed suit for damages to a building which allegedly resulted from the defendants' architectural services. Final approval for the building's working drawings and construction specifications was given by V.M.I. and the Governor on February 23, 1968, and the subsequent lawsuit was filed on January 10, 1974. Virginia's architects and builders

---

**2.** *Smith v. American Radiator & Standard Sanitary Corp.*, 38 N.C.App. 457, 461–64, 248 S.E.2d 462, 465–67 (1978), *disc. rev. denied*, 296 N.C. 586, 254 S.E.2d 33 (1979), *overruled on other grounds, Love v. Moore*, 305 N.C. 575, 581, 291 S.E.2d 141, 146 (1982).

statute, Virginia Code § 8–24.2 (Repl.Vol. 1957), provides a five year period of limitation for such actions.[3] The Court held that the statute began to run on the date of final approval, noting that the purpose of § 8–24.2 was "not to extend existing limitation periods, such as the two-year period applicable to personal injury actions, but *to establish an arbitrary termination date* after which no litigation of the type specified may be initiated." *Id.* 232 S.E.2d at 899 (emphasis added).

Likewise, it appears as though the purpose of W.Va.Code § 55–2–6a is to set an arbitrary time period after which no actions, whether contract or tort, may be initiated against architects and builders.[4] Pre-existing statutes of limitation for both contract and tort actions continue to operate within this outside limit.[5]

For the foregoing reasons, the summary judgment order entered by the Circuit Court of Raleigh County on June 14, 1989, is affirmed.

Affirmed.

**3.** Virginia Code § 8–24.2 (Repl.Vol.1957) stated that:

No action to recover damages for any injury to property, real or personal, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property, nor any action for contribution or indemnity for damages sustained as a result of said injury, shall be brought against any person performing or furnishing the design, planning, surveying, supervision of construction or construction of such improvement to real property more than five years after the performance or furnishing of such services and construction.

. . . .

**4.** In syllabus point 6 of *Sewell v. Gregory,* 179 W.Va. 585, 371 S.E.2d 82 (1988), this Court held that, "[i]mplied warranties of habitability and fitness for use as a family home may be extended to second and subsequent purchasers *for a reasonable length of time after construction* but such warranties are limited to latent defects. . . ." In a dissent to the majority opinion in *Sewell,* Justice Neely raised the issue of exactly how "a reasonable length of time" would be defined. We believe that the ten year period provided by W.Va.Code § 55–2–6a, while it may indeed be arbitrary, is also reasonable.

**5.** Such pre-existing statutes of limitations would include, for example, W.Va.Code § 55–2–12 (1981), which sets a maximum two-year statute of limitations for tort actions, and W.Va.Code § 46–2–725(1), which provides, in part, that "[a]n action for breach of any contract for sale must be commenced within four years after the cause of action has accrued."